SETH L. LARRABEE, and others, Admrs.

*vs.*

CHARLES H. T. J. SOUTHARD.

Kennebec.    Opinion July 25, 1901.

*Bills and Notes. Interest. Demand. Action. R. S., c. 32, § 10; c. 72, § 10; c. 81, § 95.*

In suit on a promissory note of the following tenor:

" $4,932.02.                              Richmond, Maine, Feb. 27th, 1892.

For value received we promise to pay Jane J. Southard, forty-nine hundred thirty-two 02-100 dollars, on demand after April 27th, 1892, and interest at four per cent per annum thereafter at our office in said Richmond, Maine.

T. J. Southard & Son."

*Held;* that the note bore interest from April 27th, 1892, although demand was not made until November 21st, 1898.

VOL. XCV    25

When a writ was made with the intention of service, declaring on such a note
   October 25th, 1898, and before demand had been made, but was not served or
   used, and on November 21st, 1898, after demand had been made, the same
   writ was altered by changing the date from October 25, to November 21st,
   and then served, *held;* that the writ as served must be regarded as a new
   writ dated November 21st, 1898.

*Held;* accordingly, that this action was not prematurely brought.

Motion and exceptions by defendant.    Overruled.

Action on promissory note against the defendant as surviving
partner of the firm T. J. Southard & Son.   After the testimony
had been adduced, the presiding justice ordered the jury to return
a verdict for the plaintiffs, with four per cent interest after
maturity of the note.

*L. C. Cornish, S. L. Larrabee, and O. D. Baker,* for plaintiffs.

*Enoch Foster and Wm. T. Hall, Jr.,* for defendant.

SITTING: WISWELL, C. J., EMERY, SAVAGE, FOGLER, PEA-
BODY, JJ.

SAVAGE, J.    Assumpsit upon a promissory note of the following
tenor:

"$4,932.02.              Richmond, Maine, Feb'y 27, 1892.

For value received we promise to pay Jane J. Southard, forty-
nine hundred thirty-two 02-100 dollars, on demand after April
27th, 1892, and interest at four per cent per annum thereafter at
our office in said Richmond, Maine.

T. J. Southard & Son."

I.    The first controversy arises as to the date from which inter-
est is to be computed.   The plaintiff claims that the note bore
interest from April 27, 1892.   The defendant contends that the
note bore no interest until a "demand after April 27, 1892."   The
presiding justice ruled in favor of the plaintiff's contention, and we
think his ruling was right.

As we construe this note, it was due, in a commercial sense,
immediately "after" April 27, that is, April 28, and but for the
statute, R. S., chap. 32, § 10, it might then have been sued with-
out demand made.   The statute referred to does not in any way

affect the interpretation of the note; but it does provide that when a promissory note is made payable on demand after a time specified, the plaintiff shall not recover in an action upon it unless he proves a demand made at the place of payment prior to the commencement of the suit. This note matured, then, on April 28, 1892, but being made payable on demand after a time, and at a place, specified, no action could be maintained without proof of demand before suit was brought.

Bearing in mind that the note matured April 28, when did interest begin to accrue? Without the use of the word "thereafter" interest would have run from the date of the note. The word "thereafter" therefore limits the interest period. "Thereafter" what? After "demand?" or after maturity? Which is it? We think the latter. The date April 27, is fixed, definite. It marks a line. Before it the principal of the note was not due, and its payment could not be enforced. After it the principal was due and payment could be immediately enforced, upon demand at the place where payable. This date therefore becomes the prominent feature of the note so far as time is concerned. What was more natural than for the parties to express the limitation of the interest period by reference to that expressed date? The definite date then marks the line between interest and no interest. This interpretation seems to us to be natural and reasonable, and consonant with the character of the instrument. It also comports with a common rule of grammatical construction, whereby, in case of doubt, a relative term is rather to be considered as relating to the nearer of two antecedents. While this rule does not hold universally, it is of assistance when the construction would otherwise be doubtful.

II. The defendant also contends that the suit was prematurely brought; that the action was commenced before demand was made; and he relies upon R. S., chap. 81, § 95, which provides that a "suit is commenced when the writ is actually made, with the intention of service." It appears that on October 25, 1898, one of the attorneys for the plaintiff made a writ declaring upon this note, and the action was then docketed in the attorney's office docket. But

the writ remained in his possession; it was not delivered to an officer; and, of course, no attachment was made upon it. For the purposes of this case, we assume that the writ was made " with the intention of service." November 21, 1898, plaintiffs made the demand on which they rely as giving them the right to maintain their action, under R. S., chap. 72, § 10. Afterwards, on the same day, the attorney who had made the writ went to his office, caused the date October 25 to be changed to November 21. The writ was then served.

Under these circumstances we think the writ as served must be regarded as a new writ. It was precisely the same as if the old writ had been thrown away, and an entirely new one made. For obvious reasons the old writ with its old date was abandoned. It was then immaterial whether the old writ was re-written, amended, or a new one filled out. The writ now under consideration is the writ dated November 21, 1898, and must be regarded as made on that date. So the presiding justice below ruled.

Under a motion for a new trial the defendant has argued the same questions as are presented by the exceptions. For reasons already given, the motion must be overruled.

*Motion and exceptions overruled.*