SOUTHERN PHOTO MATERIAL CO. v. EASTMAN KODAK CO. OF NEW YORK.

(District Court, N. D. Georgia. July 20, 1916.)

No. 166.

MONOPOLIES ⚷⟹28—ACTIONS—SERVICE—SUFFICIENCY.

The Sherman Anti-Trust Act, July 2, 1890, c. 647, § 7, 26 Stat. 210 (Comp. St. 1913, § 8829), authorizes action in any district court in a district in which the defendant resides or is found. The Clayton Act, Oct. 15, 1914, c. 323, § 12, 38 Stat. 736, authorizes suits not only in the judicial district whereof defendant is an inhabitant, but also in any district wherein it may be found or transacts business. The defendant, a New York corporation, had its principal place of business and domicile in New York, but it also carried on business in Georgia, though it had no agent in such state on whom process could be served. *Held*, that under the statute defendant might be sued in the district court for Georgia, service being had on defendant at its domicile.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18; Dec. Dig. ⚷⟹28.]

At Law. Action by the Southern Photo Material Company against the Eastman Kodak Company of New York. On plea to jurisdiction

and traverse of service. Plea and traverse overruled, and motion to quash denied.

See, also, 224 Fed. 523.

King & Spalding, of Atlanta, Ga., for plaintiff.
Smith, Hammond & Smith, of Atlanta, Ga., for defendant.

NEWMAN, District Judge. This is a suit brought by the plaintiff against the defendant under the Sherman Anti-Trust Act of July 2, 1890, 26 Stat. 209, 210, and the Clayton Act of October 15, 1914, 38 Stat. 730. The questions now considered are the jurisdiction of the court and the sufficiency of the service.

The Southern Photo Material Company is a Georgia corporation, having its residence in the city of Atlanta, in the Northern District of Georgia. The Eastman Kodak Company is a corporation of the state of New York and a citizen and resident of that state, having its principal office in the city of Rochester.

There is a Georgia corporation in the city of Atlanta, known as the Glenn Photo Stock Company, the stock in which is owned by the Eastman Kodak Company of New Jersey, which is the same company that owns the stock of the Eastman Kodak Company of New York, the defendant here.

The first service in this case was perfected by serving W. Frank Luckiesh, manager of the Glenn Photo Stock Company. This service was traversed by the defendant, appearing for the purpose of objecting to the service.

Subsequent to this an order was made by the court authorizing service on the defendant by service at its principal office or place of business in the city of Rochester, N. Y., a copy of the petition and the amendment to the petition, and the process in the case, together with a copy of the order of the court providing for this service, to be sent to the United States Marshal for the Western District of New York to be served by him on the defendant company.

The United States Marshal for the Western District of New York has made return by his deputy of service of the petition, amendment to petition and order of court allowing the same, process and order of service, on George Eastman, treasurer of the Eastman Kodak Company of New York. After this the defendant renewed his plea to the jurisdiction and traverse as to this last service.

The Sherman Anti-Trust Act, of 1890, provided that a defendant might be sued in any Circuit Court of the United States (now District Court) "in the district in which the defendant resides or is found." In the Clayton Act, of 1914, it is provided that a defendant may be sued "not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business." The question discussed here is, whether suit may be brought in a district where the defendant "transacts business," although not "found" in that district within the meaning of the decisions defining that term.

In this case the evidence shows that there are 126 regular customers of the defendant company in the state of Georgia, and that it has certain demonstrators who travel in Georgia and adjoining states for

the purpose of demonstrating articles manufactured by the Eastman Kodak Company of New York, of furthering its interests as its representatives and, to some extent, taking orders for goods, and the question made is whether, transacting business in this state, which it undoubtedly does to the extent indicated, but where it has no representative in the district upon whom service can be made, the court has jurisdiction. In other words, whether the service at its home office is good because it "transacts business" here and not because it is "found" here. Counsel claim that the expression "found" and that of "transacting business" are synonymous; that is, that the business transacted must be of such character and the company sued must have such representatives in the district that, under the decisions on the subject, it is "found" in the district. The claim as to the necessity for it being "found" in this district and how it must be found are based upon the cases of Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, and particularly Green v. Chicago, Burlington & Quincy Railway Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916, and a decision made in this district, West v. Cincinnati, N. O. & T. P. Ry. Co. (C. C.) 170 Fed. 349. Two recent cases are cited as pertinent to the question under discussion. International Harvester Co. v. Kentucky, 234 U. S. 579, 34 Sup. Ct. 944, 58 L. Ed. 1479, is cited for the plaintiff, and Thornburn v. Gates (D. C.) 225 Fed. 613, for the defendant.

The conclusion to which I have come is this: That under section 12 of the Clayton Act suits may be brought in any judicial district whereof the corporation is an inhabitant, and also any district wherein it may be found, and in addition in any district wherein it transacts business; the process of course must be served in the district of which it is an inhabitant or wherein it may be found. The purpose of the act was, I think, to give the courts jurisdiction in any district in the United States where a corporation transacts business, whether in the sense of the decisions it is "found" there or not, and then that service on it may be perfected at its home office in the district whereof it is an inhabitant or wherein it may be found; that is, "found" as provided in the decisions construing that term.

In this case, as I have stated, the evidence shows clearly that the defendant company is transacting business in Georgia, and in this district, and therefore the court here has jurisdiction of the case. The defendant has been served by serving it at its home office in New York, in pursuance of the court's order, and that the service is sufficient under the statute. I think the service of process on Mr. Luckiesh, the manager of the Glenn Photo Stock Company, of Atlanta, was not good and must be disregarded in determining the question of due service in the case.

The result is that the plea to the jurisdiction must be overruled as well as the traverse of service, and the motion to quash the service.