## UNITED STATES v. CHASE SECURITIES CORPORATION et al.

Circuit Court of Appeals, First Circuit.
February 27, 1928.

No. 2190.

1. Courts ⬤═344(6)—Where writ of attachment was served on several defendants before statute ceased to be operative, suit was commenced within effective period of statute permitting service of writs to other districts (Jud. Code, § 51, as amended by Act Sept. 19, 1922, re-enacted by Act March 4, 1925, § 1 [28 USCA § 112]).

Where, in suit by the United States against residents and nonresidents, writ of attachment was in hands of marshal for district of Massachusetts, in which suit was instituted, and was actually served on some of defendants before September 19, 1926, at which time Judicial Code, § 51, as amended by Act Sept. 19, 1922, re-enacted by Act March 4, 1925, § 1 (28 USCA § 112), permitting sending of process to other districts in certain cases in suits by United States, was effective, suit was brought within the effective period of the amendment, though service of process was had on nonresident defendants after September 19, 1926.

2. Courts ⬤═344(6)—Where suit by United States was commenced during operative period of amendment permitting process to run to other districts, District Court had jurisdiction of nonresident defendants, subsequently served (Jud. Code, § 51 as amended by Act Sept. 19, 1922, re-enacted by Act March 4, 1925, § 1 [28 USCA § 112]).

Where suit by United States was commenced in district of Massachusetts against residents and nonresidents, by causing writ of attachment to be issued within period during which amendment of Judicial Code, § 51, by Act Sept. 19, 1922, re-enacted by Act March 4, 1925, § 1 (28 USCA § 112), was effective, federal District Court of District of Massachusetts, which under the amendment would have jurisdiction to send its process into other districts for purpose of acquiring jurisdiction over nonresident defendants, held to have jurisdiction over nonresidents, though service of process on them from Massachusetts district took place after amendment ceased to be effective.

3. Statutes ⬤═181(2)—Application of statute leading to absurd consequences should be avoided.

Literal application of statute, which leads to absurd consequences, should be avoided, whenever a reasonable application can be given to it, consistent with legislative purpose.

4. Courts ⬤═344(1)—Statute permitting process to other districts in suits by United States should be liberally construed (Jud. Code, § 51, as amended by Act Sept. 19, 1922, re-enacted by Act March 4, 1925, § 1 [28 USCA § 112]).

Amendment of Judicial Code, § 51 by Act Sept. 19, 1922, re-enacted by Act March 4, 1925, § 1 (28 USCA § 112), permitting process to run from one district to other districts in suits by United States against resident and nonresident defendants, is remedial in its nature, and should be given a liberal construction.

Johnson, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Action by the United States against the Chase Securities Corporation and others. Certain nonresident defendants appeared specially and moved that the writ of attachment issued therein be quashed and service as to them be set aside. The District Court granted the motions to quash. To review a judgment dismissing the action as to such nonresident defendants, plaintiff brings error. Judgment vacated, and case remanded.

Clifford H. Byrnes and Lowell A. Mayberry, both of Boston, Mass. (George R. Farnum, Asst. U. S. Atty., of Boston, Mass., Frederick H. Tarr, of Gloucester, Mass., George L. Mayberry, of Boston, Mass., Merton E. Lewis, of New York City, and Robert Gallagher, of Boston, Mass., on the brief), for the United States.

Frederick H. Nash, of Boston, Mass. (Charles F. Choate, Jr., of Boston, Mass., on the brief), for defendant in error Chase Securities Corporation.

Richard C. Curtis, of Boston, Mass. (Charles P. Curtis, Jr., and Curtis & Curtis, all of Boston, Mass., on the brief), for defendant in error MacMartin.

Raymond S. Wilkins, of Boston, Mass., for defendants in error Fitzpatrick and Guffey.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an action of tort, brought by the United States in the District Court for Massachusetts against 21 individuals and one corporation. Several of the defendants reside or have their places of business outside the district. Four defendants, the Chase Securities Corporation, William G. Fitzpatrick, Joseph F. Guffey, and John A. MacMartin, appeared specially and moved that the writ be quashed and the service set aside as to them. Their contention is that the service had was insufficient to give the court jurisdiction over them for the reasons (1) that, at the time of the service upon them, the process of the court could not run outside the district of Massachusetts; and (2) that the marshals who served the process upon them acted without authority, as the writ was directed only to the marshal for the district of Massachusetts or his deputies.

It appears that on September 16, 1926, a writ of attachment and summons in the usual form issued out of the Massachusetts District Court, addressed "To the Marshal of Our District of Massachusetts, or His Deputies," commanding them to attach the goods and estates of the several defendants—setting out their residences, whether in the district of Massachusetts or in other districts—and summons them, "if they may be found in said districts," to appear before the said District Court next to be holden at Boston on the first Tuesday of December; that the four defendants here in question were not served with process within the district of Massachusetts, but were served in the districts where they resided or were found by the marshals of those districts, certified copies of the process having been sent to them for service; and that such service of process upon these defendants was not made until after the 19th day of September, 1926. It also appears that the process was in the hands of the marshal for the district of Massachusetts on or before September 17, 1926, and was actually served on several of the defendants on that day.

Before arguments were had upon the motions to quash, the plaintiff filed motions to amend its writ by adding thereto, after the words "To the Marshal of our District of Massachusetts, or His Deputies," the words: "To the Marshal for the Eastern District of Michigan, or His Deputies; to the Marshal for the Western District of Pennsylvania, or His Deputies; to the Marshal for the Eastern District of New York, or His Deputies; and to the Marshal for the Southern District of New York, or His Deputies."

The District Court granted the motions to quash and set aside the service, denied the plaintiff's motions to amend, and entered judgment dismissing the action against the Chase Securities Corporation, Fitzpatrick, Guffey, and MacMartin. It is to review this judgment that the present writ of error is prosecuted.

The errors assigned are that the court erred: (1) In granting the motions of these defendants to quash the writ, process and service; (2) in denying the plaintiff's motions to amend the writ; (3) in ruling that the marshals who served the writ upon the four defendants in question acted without authority, because the writ was directed only to the marshal for the district of Massachusetts or his deputies; and (4) in ruling that, at the time of the service of the writ upon these defendants, the process of the court could not run outside the limits of the district of Massachusetts.

Section 51 of the Judicial Code (36 Stat. 1101), as originally enacted and so far as here material, provides:

"No civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

September 19, 1922 (42 Stat. 849), section 51 was amended by adding thereto the following:

"Provided, however, that any civil suit, action, or proceeding brought by or on behalf of the United States * * * may be brought * * * where there be more than one defendant in any district whereof any one of the defendants, being a necessary party, or being jointly, or jointly and severally, liable, is an inhabitant, or in any district wherein the cause of action or any part thereof arose; and in any such suit, action, or proceeding process, summons, or subpœna against any defendant issued from the District Court of the district wherein such suit is brought shall run in any other district, and service thereof upon any defendant may be made in any district within the United States or the territorial or insular possessions thereof in which any such defendant may be found with the same force and effect as if the same had been served within the district in which said suit, action, or proceeding is brought. The word 'district' and the words 'District Court' as used herein shall be construed to include the District of Columbia and the Supreme Court of the District of Columbia; Provided further, that this act shall be effective for a period of three years only, after which said section 51, chapter 4, as it exists in the present law shall be and remain in full force and effect."

By the Act of March 4, 1925 (43 Stat. 1264 [28 USCA § 112]), the amendment of 1922 was re-enacted in terms, except that in the last proviso the words "three years only" were stricken out, and there was inserted in their place the words "four years after September 19, 1922."

The substantial question in the case is whether, at the time of the service of process upon these defendants (which was shortly after September 19, 1926), the process of the court could run outside the district of Massachusetts.

[1] The District Court found "that in the case at bar the suit was brought within the effective period of the amendment to section 51." This finding is clearly right, for the record shows that the writ was in the hands of the marshal and was actually served on several of the defendants on September 17, 1926, two days before the expiration of the four-year period. There can be no doubt, therefore, that the action was brought or commenced at least as early as September 17, 1926, and was then pending, for on that day attachments were made and the writ was served upon several of the defendants named in the writ. Buswell, Adm'r, v. Babbitt, 65 N. H. 168, 18 A. 748; Anderson v. Insurance Co., 75 N. H. 375, 383, 74 A. 1051, 28 L. R. A. (N. S.) 730; Finneran v. Graham, 198 Mass. 385, 84 N. E. 473, 15 Ann. Cas. 291; Larrabee v. Southard, 95 Me. 385, 50 A. 20; Cross v. Barber, 16 R. I. 266, 15 A. 69; Wells v. Cooper, 57 Conn. 52, 17 A. 281; Linn Timber Co. v. United States, 236 U. S. 574, 35 S. Ct. 440, 59 L. Ed. 725. The District Court also recognized that the amendment to section 51, not only increased the number of districts in which the venue of a suit by the United States could be laid, but enlarged the power of the court having jurisdiction of the action by authorizing it to bring in defendants residing or found in other districts. It held, however, that while "on September 16, 1926, when the writ was issued, this court [District Court] had power to send its process into the other districts where the defendants resided, * * * it did not acquire jurisdiction in personam over these defendants until it had exerted that power to the extent of duly completing service upon them"; that, "when service was made on these four defendants, the amendment to section 51 was not in force"; and that "this court was then entirely without power to subject the defendants to its jurisition by serving them with process outside of the district of Massachusetts."

[2-4] We agree with the District Court that the purpose of the amendment was to enlarge the jurisdiction of the District Court by increasing the number of districts in which the United States might bring its action, and, when its action is so brought, to enlarge the power of the court to bring in the defendants found in other districts. We are, however, of the opinion that when the United States has brought such an action, by causing a writ to be made out and issued, the District Court in which the action is laid, not only has jurisdiction of the cause, but power to send its process into other districts

for the purpose of acquiring jurisdiction over persons there residing and named as defendants in the writ, and that, this power having come into existence by the bringing of the suit under the amended act, the exercise of that power is not lost by the expiration of the period fixed for the continuance of the amendment; that Congress could not have intended that, where the United States had brought such a suit, its further prosecution and completion of service in the manner contemplated by the amendment should be frustrated and brought to an end; that, on the contrary, it intended that, where the suit was seasonably brought, the jurisdiction and power of the court should continue so long as was necessary to complete service upon all the defendants and reasonably bring to completion a trial and determination of the matters involved between the parties concerned. "All laws are to be given a sensible construction, and a literal application of a statute, which would lead to absurd consequences, should be avoided whenever a reasonable application can be given to it, consistent with the legislative purpose." United States v. Katz, 271 U. S. 354, 357, 46 S. Ct. 513, 514 (70 L. Ed. 986) and cases there cited. The act is remedial in its nature, and should be given a liberal construction.

As to the assignment that the court erred in ruling that the marshals who served the writ upon these defendants acted wholly without authority, the plaintiff contends that it was not essential that the writ be amended to contain a direction to these officers; that while R. S. § 787 (28 USCA § 503), limited a marshal in the service of process to his district and to the service of precepts directed to him, the precept or writ in this case, by force of the amended act, was made to "run in any other district" as well as in "the district wherein said suit is brought"; and that service "upon any defendant" is authorized to "be made in any district * * * in which any such defendant may be found." While we are inclined, in the main, to agree to this contention, we do not find it necessary so to hold; for, having held that the District Court has the power to send its process into the districts where these defendants may be found, such process may issue against them, as appears by the record to have been done in this proceeding in the case of J. Harry Covington, one of the defendants residing in Washington, D. C., if these four defendants should not see fit to abide by the service already had upon them. Eastman Kodak Co. v. Southern Photo Materials Co., 273 U. S. 359, 47 S. Ct. 400, 71

L. Ed. 684. See same case for facts in (D. C.) 234 F. 955, 956.

The judgment of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion.

JOHNSON, Circuit Judge (dissenting). I cannot concur in the majority opinion. Congress carefully and definitely fixed the period in which the Act of September 19, 1922, as amended by Act of March 4, 1925, should be "effective." I think that, not only must an action be brought within the period limited, but that in order to obtain jurisdiction over the defendants in this action in personam process must have been served upon them. This was not served upon any of them within the period in which Congress had declared that the amendment should be effective, and there was no law which authorized service to be then made. The language of the amendment is unambiguous, and it was clearly the intention of Congress to limit the effective period in which action should be brought and service completed under the amendment to four years after its passage, which expired on September 19, 1926, and that service of process not completed within the period would not confer jurisdiction, although the complaint was filed before its expiration. By the use of the word "effective" Congress made its intention clear that all action under and by virtue of the act was limited to the period which it had fixed.