HARRY J. COLE, administrator, & another *vs.* NEW ENGLAND TRUST COMPANY.

Suffolk.    December 4, 1908. — January 7, 1909.

Present; KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Executor and Administrator. Probate Court. Notice. Register of Probate. Evidence,* Presumptions and burden of proof. *Agency,* Existence of relation. *Estoppel.*

Where it was ordered by the Probate Court that the funds of the estate of a deceased person should be paid to one of the next of kin, and, upon such next of kin refusing to receive them, the funds were deposited under Pub. Sts. c. 144, § 16, now R. L. c. 150, § 23, by the administrator in a bank in the name of the judge of probate for the benefit of such next of kin, and the bank agreed in writing to allow interest on the sum at the annual rate of two and one half per cent and on demand to repay the principal sum with interest to the judge or his assigns, but reserved the right, upon giving ten days' notice, to reduce the rate of interest or to discontinue the payment of interest or to pay off the principal, it was *held,* that such agreement of the bank was made with the judge of probate, who was entitled to the ten days' notice before the rate of interest was changed or the interest was discontinued, and neither a letter sent by the bank on May 31 to the next of kin for whose benefit the deposit was made containing a statement that interest would be discontinued after June 1, nor a letter of the bank to the register of probate on June 14 stating a claim by the bank that the letter of May 31 to the next of kin caused the stipulated interest to cease accumulating, constituted the required notice to the judge of probate or was effectual at any time to stop the accumulation of interest.

There is no presumption that a letter, addressed by a bank to the register of probate of a certain county under his official title, which contains statements with regard to a deposit of an unclaimed portion of an estate made in the bank in the name of the judge of probate of that county under Pub. Sts. c. 144, § 16, now R. L. c. 150, § 23, by the administrator of the estate, will be given by the register to the judge.

The register of probate of a county is not an agent of the judge of probate of that county with authority to receive on behalf of the judge notices with regard to a deposit made in a bank by the administrator of an estate in the judge's name under Pub. Sts. c. 144, § 16, now R. L. c. 150, § 23, of a fund which has

been ordered by the court to be paid to a certain person who has refused to receive it.

The mere receipt by one, who is beneficially interested in a fund deposited in a bank by a judge of probate as unclaimed funds of an estate under R. L. c. 150, § 23, of a notice which should have been given to the judge and which, if it had been given to the judge, would have caused interest to cease to accumulate on the amount so deposited, does not estop the person receiving the notice nor his administrator after his death from contending that the notice had no effect because it was not given to the judge.

BILL IN EQUITY, filed in the Superior Court for the county of Suffolk on December 5, 1907, seeking to compel the payment by the defendant to the plaintiff as administrator of the estate of Hazen V. Thompson of the balance of a deposit made with the defendant under Pub. Sts. c. 144, § 16, by the judge of probate for the county of Essex for the benefit of Thompson together "with any accumulations which may have accrued thereon."

In the Superior Court the case was heard by *Fox*, J., on an agreed statement of facts, material among which were the following:

John B. Nichols, administrator of the estate of one Samuel Thompson, late of Amesbury, tendered to Hazen V. Thompson $4,185.10, which he was entitled to receive as one of the next of kin of Samuel, but which he refused to receive. The judge of the Probate Court for the county of Essex thereupon decreed that the administrator deposit the sum with the defendant, and he did so, the defendant issuing therefor the following certificate of deposit:

"$4185.10      No. 3,009.

New England Trust Co.

No. 85 Devonshire Street, Corner Water Street.

Boston, March 23, 1887.

" These may certify, that the New England Trust Company, has received from the Hon. George F. Choate, Judge of the Probate Court of Essex County, Mass., thro' John B. Nichols, Administrator of Estate of Sam'l Thompson, late of Amesbury, Mass., the sum of forty-one hundred, eighty-five 10/100 dollars to accumulate for Hazen V. Thompson, of Haverhill, Mass., of current funds, upon which the said Company will allow .interest at the annual rate of two and one-half per cent. from this

date, none if drawn in thirty days, and on demand will repay
the like amount of United States notes or other current funds,
with the interest, to the said Judge of Probate Court, Essex
County, Mass., or his assigns, on the return of this certificate,
which is assignable only on the books of the Company. The
right is reserved by the Company, upon giving ten days' notice,
to reduce the rate, or discontinue the payment of interest on
this certificate, or pay off the principal. Such notice to be
served personally or through the Post Office, directed to the
address named on the books of this Company.

" N. H. Henchman,              Howard B. Allen,
    Secretary.                    Receiving Teller."

Various payments were made by the defendant from the de-
posit from time to time under decrees of the Superior Court in
suits then pending.

On May 31, 1895, the defendant sent the following letter to
Hazen V. Thompson, which was received by him: " May 31,
1895. 5 P. M. Mr. Hazen V. Thompson, Haverhill, Mass.
Dear Sir: In the matter of the Deposit with this Company
which by the decision ordered and decreed by the Probate Court
of Essex County, Mass., under date of May 13, 1895, after
payment of your assignments and orders, there remains for your
benefit the sum of twenty-eight hundred, forty and 46/100 dol-
lars ($2840.46) as cash May 21, 1895. Our certificate so show-
ing No. 3009 is in possession of the Probate Court of said Essex
County, Salem, Mr. J. T. Mahoney, Register. We now desire
to notify you that no interest will be paid upon said amount
after the first day of June, 1895, or allowed thereon. Yours
very respectfully, N. H. Henchman, Secretary."

No other notice was ever sent to Hazen V. Thompson, and
no notice was sent to the judge of the Probate Court for the
County of Essex that no further interest would be allowed on
said certificate. ·

On its date the defendant sent to the register of probate of
Essex County the following letter: "June 14, 1895. J. T.
Mahoney, Esq., Register of Probate, Essex County, Salem, Mass.
Dear Sir: As yet we fail to have acknowledgment from Mr.
Hazen V. Thompson, of our letter to him in relation to certifi-

cate No. 3009 and balance as Decreed belonging to him. Altho', we tried by registered mail and otherwise to reach him, as we distinctly wish him to understand that the interest ceased on June first 1895. Yours very truly, N. H. Henchman, Secretary."

On October 24, 1907, the judge of probate of Essex County, (who is one of the plaintiffs,) made a decree that " the balance of deposit due on said certificate, with any accumulations which may have accrued thereon since the time when said deposit was made," be paid by the defendant to the plaintiff as administrator of the estate of Hazen V. Thompson.

, If no interest was to be allowed on the deposit after June 1, 1895, the plaintiff administrator was entitled to $1,304.75. If interest at the annual rate of two and one half per cent was to be allowed, the plaintiff administrator was entitled to $2,049.67. If interest at the annual rate of six per cent was to be allowed, $3,092.57 should be paid to the plaintiff administrator.

At the request of the parties, the judge reported the case for determination by this court.

*H. J. Cole*, administrator, *pro se.*

*B. E. Eames*, for the defendant.

SHELDON, J.   The certificate issued by the defendant acknowledged that it had received the money from the judge of probate, and contained a promise to repay it to him or his assigns.   It must be treated as showing that the agreement was made with him.   The agreed facts sufficiently show that the deposit was intended to be made under the provisions of Pub. Sts. c. 144, § 16, now R. L. c. 150, § 23.   These provisions contemplated that the amount so deposited should " accumulate for the benefit of the person entitled thereto," and accordingly the defendant agreed to pay interest thereon at the annual rate of two and a half per cent, reserving however the right, upon giving ten days' notice, to reduce the rate or discontinue the payment of interest.   The defendant now contends that by reason of its notice of May 31, 1895, to Mr. Thompson, the *cestui que trust* for whose benefit the deposit was held, especially in view of its letter of June 14, 1895, to the register of probate, its liability to pay interest was determined; and this is the question contained in the case.

The debt from the defendant was due to the judge of probate,

and Thompson had only an equitable interest therein.  *Chase* v.
*Thompson*, 153 Mass. 14.   The defendant's notice to stop the
accruing of interest should therefore have been given to the
judge of probate, who, in the ordinary case of an unclaimed de-
posit made under the statute in question, would be the only
person who could withdraw the deposit and place it where it
might continue to accumulate as contemplated by the statute.
The defendant's right to give the notice either by personal ser-
vice or " through the post office, directed to the address named "
on its own books, is not of consequence; for it does not appear
that the defendant had put any such address on its books, and
its counsel at the argument in this court disavowed any desire
to have the agreed facts discharged or amended in this respect..

We think it plain that neither a notice of one day given to
Thompson, nor a letter to the register of probate stating the
claim that the stipulated interest had ceased in consequence of
that notice to Thompson, can be said to be a ten days' notice to
the judge of probate, especially when it does not appear that
either the notice or the letter was brought to the knowledge of
the judge.

The defendant could terminate its agreement to pay interest
at the stipulated rate only by meeting the burden of showing
that it had given the notice specified in its agreement to the
person and in the manner therein provided.   This it has not
done; and accordingly its liability has continued under its origi-
nal agreement.   It cannot of course be held liable for a higher
rate of interest than was stipulated for, but it must be held to
perform the agreement which it made.

We have carefully considered the suggestions made in the
able argument for the defendant; but we have not been able to
assent to them.   As to the defendant, the title to the deposit
was in the judge of probate.   The deposit was made in his name,
as the statute contemplated that it should be; the defendant's
promise was to pay to him or his assigns ; under the agreement
no one could require payment without his order and authority,
whether the deposit was or was not made under the statute.
He was in no sense the principal or the agent of Thompson, or
of any one else who might have been found to be entitled to the
.money.   And the plaintiff does not strictly claim under Thomp-

son, but under the decree made by the judge of probate on October 24, 1907. Without this decree the plaintiff would have had no standing in court.

There can be no presumption that a letter to the register of probate is given to the judge, nor is the former in any sense the agent of the latter. He is a public officer whose duties are prescribed by law, and the defendant's letter was addressed to him in his official capacity only.

There was no duty upon Thompson either to take any action or to give any counter notice to the defendant when he received its unauthorized notice. His inaction could create no estoppel that would be operative against any future order of the judge of probate; and manifestly the plaintiff cannot be in a worse position than Thompson would have been.

Accordingly, under the agreement of the parties, a decree is to be entered that the plaintiff recover of the defendant the sum of $2,049.67, without costs.

*So ordered.*