JOE SCHNEIDER *vs.* BOSTON ELEVATED RAILWAY COMPANY.
JACOB BOVARNICK *vs.* SAME.
JOE SCHNEIDER *vs.* CITY OF BOSTON.
JACOB BOVARNICK *vs.* SAME.

Suffolk.    March 21, 1927. — May 20, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Way,* Public: liability of street railway for defect, statutory notice of defect. *Boston Elevated Railway Company. Notice.*

The obligation of the Boston Elevated Railway Company imposed by St. 1906, c. 463, Part III, § 2; Pub. Sts. c. 113, §§ 32, 33; R. L. c. 112, § 1, in 1920 placed upon that corporation no responsibility for injuries resulting from nonrepair or a defective condition of the surface of a street not between the rails over which the cars of the street railway passed.

When a plaintiff is required by statute to prove that he gave notice of a claim for damages to a particular person within a specified time and relies upon the mail for its delivery, he must offer evidence that such a notice was prepared and properly addressed and mailed, postage prepaid, in time to reach the person in the regular course of mail within the time.

Evidence, at the trial of an action against a city under G. L. c. 84, § 15, for personal injuries alleged to have resulted from a defect in a public way, that a woman, who was an employee of the plaintiff's attorney, fifteen days after the injury mailed by registered mail, "return receipt requested," a notice to the city, care of the mayor's office and that a filing clerk of the attorney recalled seeing "a bunch" of receipts and return cards in the case of the plaintiff in the process of her filing and that she had since made search for these at the attorney's request, together with two exhibits annexed to the record and purporting to be letters addressed to the city, but with nothing to show what, if any, connection they had with the case, would not warrant a finding that the plaintiff had given the notice required by §§ 18, 19, of the statute to any city official authorized to receive it; nor did such evidence go far enough to permit the plaintiff to avail himself of the provisions of § 20.

FOUR ACTIONS OF TORT for personal injuries. Writs dated November 2, 1921.

In the Superior Court, the actions were tried before *Brown,* J. Material evidence is stated in the opinion. At the close of the evidence, the judge ordered verdicts for the defendants. The plaintiffs alleged exceptions.

*W. P. Higgins*, for the plaintiffs.

*J. A. Campbell*, Assistant Corporation Counsel, for the city of Boston.

*A. E. Pinanski*, for Boston Elevated Railway Company.

SANDERSON, J. These four actions of tort were brought to recover damages for injuries alleged to have been sustained on June 7, 1920, by reason of a defective condition of the highway. In each case the judge directed a verdict for the defendant, subject to the plaintiff's exception.

There was evidence that a hole in the street caused a truck owned by the Paine Furniture Company to turn a short distance out of its course and strike a truck driven by one of the plaintiffs, which then collided with a truck it was towing, and in which the other plaintiff was seated. The evidence tended to prove that for two or three weeks previous to the time of the accident there had been a depression in the highway near the inbound rails of the defendant railway company from two to two and one half inches deep, two feet long and one foot across. The oral evidence and the photographs introduced demonstrated that the depression in the street into which the wheel of the first truck went was not between the rails over which the cars of the street railway pass. The obligation imposed upon street railway companies, Pub. Sts. c. 113, §§ 32, 33, to keep in repair the portion of the surface of the highway "occupied by its tracks" on paved streets, was in force at the time of this accident as to the Boston Elevated Railway Company, by reason of R. L. c. 112, § 1, and St. 1906, c. 463, Part III, § 2 (now G. L. c. 161, § 2). It was decided in *Boston* v. *Boston Elevated Railway*, 186 Mass. 274, that the phrase "occupied by its tracks," means "the rails and the space between them on and over which the cars pass." Upon the testimony, considered in the view most favorable to the plaintiffs, the jury would not have been justified in finding that the plaintiffs' injuries were caused by a defective condition in the part of the street for which the street railway company was liable. See *Boudreau* v. *Springfield*, 257 Mass. 105. Other contentions made in behalf of that company need not be considered.

G. L. c. 84, § 18, requires the person seeking damages for an

injury caused by a defect in a way to give notice of the time, place and cause of the injury within thirty days to the county, city, town or person by law required to keep the same in repair. In the case of a city, service of notice must be made on the mayor, city clerk or treasurer. *O'Connell* v. *Cambridge,* 258 Mass. 203. It has been held that "Notice to a person, particularly notice to a person at a specified place, is not given until it reaches the person named at the place specified." *McCord* v. *Masonic Casualty Co.* 201 Mass. 473, 475. When a plaintiff is required to prove that he gave notice of a claim for damages to a particular person within a specified time and relies upon the mail for its delivery, he must offer evidence that such a notice was prepared and properly addressed and mailed, postage prepaid, in time to reach the person in the regular course of mail within the time. See *Huntley* v. *Whittier,* 105 Mass. 391, 392; *Marston* v. *Bigelow,* 150 Mass. 45, 53; *Tobin* v. *Taintor,* 229 Mass. 174, 176; *Massachusetts Biographical Society* v. *Howard,* 234 Mass. 483; *Prudential Trust Co.* v. *Hayes,* 247 Mass. 311, 313; *Commonwealth* v. *Orler,* 252 Mass. 55.

A witness, called by the plaintiffs, testified that at the time of the accident she was employed in the office of their attorney, and on June 22, sent notices signed by him to the city of Boston and to the Boston Elevated Railway Company; that she mailed them registered, and on the same day sent other notices to both defendants; that she sent two notices in the Schneider matter and two notices for each plaintiff to the city of Boston, care of the mayor's office, "return receipt requested"; that on the same day she sent the second notices. She testified that she identified a copy of a letter to the Boston Elevated Railway Company in behalf of Bovarnick as the second one she sent out that day.

Six documents, marked exhibits, were annexed to the bill of exceptions, two of which purported to be letters addressed to the city of Boston. But the bill of exceptions does not show what, if any, connection they have with the cases. So far as the record discloses, no witness identified any exhibit as a copy of a letter or notice sent to the city of Boston. A witness testified that she was in the habit of

going to the office of the plaintiffs' attorney on Saturdays to do filing, and recalled seeing "a bunch" of receipts and return cards in the cases of Bovarnick and Schneider against the Boston Elevated Railway Company and the city of Boston; that she had since made search for these at the attorney's request. This evidence did not show whether in this search any receipts or return cards were found, or whether, if found, any name was signed to them, or they had any connection with the registered letters. The evidence fell short of proving that the attorney received any return receipts for the letters sent and the absence of a return receipt when requested tends to rebut the inference that the letters were delivered. The notices in the cases against the city were not addressed to the mayor, but to the city of Boston care of the mayor's office. We need not decide whether upon this evidence a finding could have been made that the letter mailed was given to the mayor, see *Cole* v. *New England Trust Co.* 200 Mass. 594, 598, for if it be assumed that notwithstanding the nonproduction of return receipts, the inference could have been made that the notices reached the mayor's office, and that some one in that office delivered them to the mayor within the time prescribed by statute, still the plaintiffs have failed to show on this record what was written in the notices, and have not maintained the burden of proving that notice was given to any city official authorized to receive it. In this state of the evidence the plaintiffs have not gone far enough to avail themselves of the provisions of G. L. c. 84, §§ 18, 20, relating to inaccuracies in a notice in the statement of the time, place or cause of an injury.

As the plaintiffs have failed to prove that they gave to the city the notice required by the statute, they were not entitled to go to the jury in the cases against that defendant. Because of this conclusion, it is unnecessary to consider the question whether the depression was a defect for which the city could be held liable.

*Exceptions overruled.*