ELIZABETH SHARP *vs.* HARRY G. GIESOW.

Bristol.    October 22, 1928. — January 4, 1929.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Ice and Snow.    Notice.*

A finding, that the notice required by G. L. c. 84, §§ 18–21, had been given by the plaintiff in an action against an individual for personal injuries alleged to have been received in 1921 by reason of slipping on ice accumulated on a sidewalk as a result of an improper condition of premises of the defendant, was not warranted upon evidence at the trial of the action showing merely that an attorney at law for the plaintiff sent to the defendant by registered letter "a notice of the accident, of the time and place, and extent of the injury . . . that it was probably four or five or six days after the accident that he sent this notice, within the ten days limit . . . that in the notice there is a statement of the time when the alleged injury occurred, the place where it occurred, and a brief statement of the cause of the alleged injury," and that, to the best of the attorney's recollection, he received a return card, which was not produced.

The provisions of §§ 18, 20, relating to inaccuracies or omissions in a notice, were not applicable in the circumstances above described.

TORT for personal injuries.    Writ dated March 29, 1921.

In the Superior Court, the action was tried before *Dillon*, J. Material evidence is stated in the opinion.    The jury found for the plaintiff in the sum of $2,500 and the judge, in accordance with leave reserved under G. L. c. 231, § 111, ordered a verdict for the defendant.    The plaintiff alleged exceptions.

*D. R. Radovsky*, (*H. W. Radovsky* with him,) for the plaintiff.

*H. F. Hathaway*, (*E. R. Hathaway* with him,) for the defendant.

CROSBY, J. This is an action of tort to recover for personal injuries, received by the plaintiff on February 1, 1921, by reason of slipping upon an alleged unnatural accumulation of ice on a sidewalk on Elm Street, a public way in Fall River, in front of premises at that time owned by the defendant. The plaintiff contended that water from the roof of the house fell upon a passageway between the east side of the house and a stone wall; that this passageway was from eighteen to twenty-four inches in width and sloped toward the sidewalk; that water from the roof, and from a conductor attached to the house, flowed over the passageway onto the sidewalk causing ice to form at the place where the accident occurred.

It is a condition precedent to maintain this action that notice was given as required by G. L. c. 84, §§ 18, 19, 20 and 21, in force at the time of the injury. These sections of the statute, so far as they relate to notice of injuries resulting from snow and ice, apply to actions against persons, founded upon the defective condition of their premises or of adjoining ways; and the person so injured shall, within ten days thereafter, give to the person by law obliged to keep said way in repair notice of the time, place and cause of the said injury. See St. 1922, c. 241, amending G. L. c. 84, § 21.

The plaintiff called as a witness one Edwin N. Blinn, who testified on his direct examination that as attorney for the plaintiff he sent to the defendant by registered letter "a notice of the accident, of the time and place, and extent of the injury . . . that it was probably four or five or six days after the accident that he sent this notice, within the ten-days limit . . . ." On his cross-examination he testified "that in the notice there is a statement of the time when the alleged injury occurred, the place where it occurred, and a brief statement of the cause of the alleged injury." He further testified that to the best of his recollection he received a return card; but it was not produced. The defendant testified that he never received any notice of the alleged injury before the writ was served upon him in this action. There was no evidence other than that of Blinn respecting the notice alleged to have been given to the defendant. If

we assume that a notice was given to the defendant, the question is, Did it comply with the requirements of the statute respecting the cause of the plaintiff's injury?

"In our climate defects so far as caused by ice or snow may be very transient; and the manifest purpose of this [statute] and similar statutes is to give to the person charged with neglect prompt notice, so that he may have a reasonable chance to examine into the cause of complaint and collect evidence of the facts." *Baird* v. *Baptist Society*, 208 Mass. 29, 32. The testimony of Blinn that the notice mailed by him to the defendant contained "a brief statement of the cause of the alleged injury" did not warrant a finding that the plaintiff's injury was caused by snow or ice and was wholly insufficient to satisfy the requirement of the statute. There is no evidence to show that the notice stated the injury was caused by snow or ice. If, as the plaintiff contends, the injury was caused by the act or neglect of the defendant in allowing ice to form on the sidewalk, he was entitled under the statute to notice that the presence of ice so formed was the cause of the injury upon which the plaintiff relied. Upon this record it does not appear what was set forth in the notice as the cause of the injury. Neither the original notice nor a copy was produced at the trial. It follows that the plaintiff has wholly failed to show compliance with the condition precedent to the maintenance of the action, as it does not appear that she gave the notice required by the statute. *McNamara* v. *Boston & Maine Railroad*, 216 Mass. 506. *Sweet* v. *Pecker*, 223 Mass. 286. *Urban* v. *Simes*, 259 Mass. 336. *Schneider* v. *Boston Elevated Railway*, 259 Mass. 564.

The provisions of G. L. c. 84, §§ 18, 20, relating to inaccuracies or omissions in a notice in the statement of the cause of the injury, are not available to a plaintiff who has failed to show what was written in the notice. In the circumstances of the present case the statute above referred to is not applicable. *Schneider* v. *Boston Elevated Railway, supra,* at page 567.

As the plaintiff is precluded from recovery for failure to comply with the statute respecting the giving of notice, it is unnecessary to consider whether the ice on the sidewalk was

a defect for which the defendant could be held liable.   The trial judge rightly directed a verdict for the defendant, and the entry must be

*Judgment for the defendant on the verdict.*