No. 2978          Northern          Suffolk, ss.
REGAN          (Hammer, Karff & Goldberg, Morris Nichelson)
v. ATLANTIC REFINING CO.          (Sherburne, Powers &
                                                     Needham)

From the Municipal Court of the Dorchester District—Shulman, J.

Argued October 15, 1941—Opinion Filed Deecmber 15, 1941

JONES, P.J. (Pettingell, J. & Henchey, J.)—This is an action of tort. The plaintiff seeks to recover for personal injuries alleged to have been sustained from falling upon defendant's business premises, while there at its invitation, by reason of snow and ice.

Defendant relies as a defense upon the failure of the plaintiff to give notice of the accident as required by statute and upon the bar of the statute of limitations. Upon the last named issue there was evidence that on January 23, 1935, the plaintiff received injuries in a fall upon the defendant's premises; that notice of the alleged injury was given the defendant February 14, 1935, as required by G. L. Ter. Ed. c. 84, Sec. 18. Action was brought by this plaintiff against the defendant upon the same day as was in the notice, as reported in *Regan* v. *Atlantic Refining Co.* (this defendant), 304 Mass. 353, and, after judgment for defendant in that action, this action was brought January 19, 1940.

The court found for the defendant in this language:

"On January 23, 1935, the plaintiff received injuries in a fall on defendant's premises due to an accumulation of snow. Notice in accordance with Annotated Laws, Chapter 84, Section 18, was dated February 14, 1935. The writ is dated January 18, 1940. Since this action was not commenced within two

years after the date of the plaintiff's injury, it is barred by the Statute of Limitations, Annotated Laws, Chapter 84, Section 18."

Plaintiff also filed a motion for a new trial which, although denied, raised no question not open to her under rulings requested by her at the trial, excepting as to the third matter raised in her said motion, which is: "Even if G. L. Ch. 84, sec. 18 be considered as applying, G. L. c. 260, sec. 32 tolled the Short Statute of Limitations therein set up."

Taking up c. 260, sec. 32, which the plaintiff relies upon as extending her time for the beginning of this action, effect must be given to sec. 19 of said c. 260 of the Statutes of Limitations, which provides: "If a special provision is otherwise made relative to the limitation of any action, any provision of this chapter inconsistent therewith shall not apply."

This section therefore effectually deprives the plaintiff of any aid or extension of time under the provisions of sec. 32 of c. 260; and so, in the case at bar, we have a case where special provision is otherwise made relative to the limitations within which this action could be brought. G. L. Ter. Ed. c. 260, sec. 19. *Hill* v. *Arnold,* 199 Mass. 109. *Bickford* v. *Furber,* 271 Mass. 94, 99.

Therefore, the plaintiff, to maintain this action, must bring her case within the provisions of G. L. Ter. Ed. c. 84, sec. 18. This is the statute which provides a right of action against an individual for an injury or damage caused by snow and ice on the defendant's premises; and the right of action is thereby limited to a period of "two years after the date of such injury or damage." This is in the nature of a statute of Limitation, *Mulvey* v. *Boston,* 197 Mass. 178, 184, and this period of time has been held applicable to cases like that of the plaintiff here. *Baird* v. *Baptist Church,* 208 Mass. 29, *Sharp* v. *Gieson,* 265 Mass. 506.

No suggestion or intimation has been made in any decision of our Supreme Court that any other statute, other than the one cited, applies to such actions. *Baird* v. *Baptist Church,* 208 Mass. 29, 32. *Sharp* v. *Gieson,* 265 Mass. 506. *Regan* v. *The Atlantic Refining Co.,* 304 Mass. 303. Therefore we cannot follow the plaintiff's argument, when she says that sec. 18 of c. 84 has two headings. The plaintiff argues that this action is a common law action and therefore the provisions of G. L. Ter. Ed. c. 84, sec. 21, requiring thirty days' notice of the time, place and cause of the accident does not apply, and that this action can be brought within six years of the time of the accident.

The plaintiff bases an ingenious argument upon the fact, "That section 18 of c. 84 of G. L. has two headings divided by a semi-colon, as an indication that there are two subject matters, each of equal importance. One of these subject matters is 'Notice of injury.' The other subject matter is 'Limitation of action.'"

These headings, however, are not in a heading of the General Laws, but are in the notes on General Laws of Massachusetts, published by the Lawyers Co-operative Publishing Company, so that the plaintiff's argument in this respect is not exactly in point.

The evidence in the report and the finding is to the effect that plaintiff's alleged fall and injuries were received because of an accumulation of snow and ice on the defendant's premises and, unless the plaintiff can bring her case within G. L. (Ter. Ed.) c. 84, sec. 19 and sec. 20 by the giving of notice and action thereon within the time limited, she cannot prevail.

Defendant says as a finality that G. L. c. 260, sec. 32 extends the time in which she could bring this action. This action was brought, however, under G. L. Ter. Ed. c. 84, sec. 18 and sec. 21, while sec. 532 of c. 260 of the General Laws is limited by its terms as to the extension of time to actions only, which are brought under G. L. c. 260; hence we must conclude that this latter section affords no relief to the plaintiff. This conclusion is sustained by *Lewis* v. *Metropolitan Life Insurance Co.*, 180 Mass. 317 and c. 260 applies only to extensions of limitations imposed by this chapter. *Tyndale* v. *Stanwood*, 190 Mass. 503. *Whalen* v. *Worcester Electric Light Co.*, 307 Mass. 169, 175. It follows that the rulings requested were properly denied and, finding no prejudicial error, the report is dismissed.