*Southern District*

**JAMES BYRON**

v.

**GEORGE H. GIBSON and IDA GIBSON**

*Present:* Nash, P. J., Cox and Welch, JJ.

Case tried to *Vallely, J.,* in the First District Court of Barnstable. No. 15,621.

*Welch, J.* This is an action of contract to recover rent and interest thereon for the use and occupancy of premises for July and August, 1956. The answer is a general denial and an allegation that the defendant George H. Gibson was a tenant at will and gave due notice of the termination of the tenancy.

*At the trial there was evidence to show that* the plaintiff entered into an *oral* agreement for the lease of certain premises owned by the plaintiff to be used as a diner by the defendants. There was also evidence offered by the defendants that the defendant George H. Gibson orally leased the premises and was the owner of the business thereon. A common victualler's license for the year in question was in the name of the defendant Ida Gibson.

The plaintiff testified that the agreed rental for each month was $300 payable in advance.

The defendant George Gibson testified that he mailed a letter to the plaintiff, the important parts of which are as follows:

> "George H. Gibson,
> Gibson's Diner,
> Buzzards Bay, Mass.
> May 18, 1956

Mr. James Bryon,
Bryon's Fish Mkt.,
Buzzards Bay, Mass.

Dear Mr. Bryon:

I am taking this opportunity to inform you that I will be moved and operating the new Diner, before the end of June on a location close by.

Even though you have caused me considerable expense to put in a foundation on your land, you will still have your store as agreed by July 1st. —

Enclosed please find a check in the amount of $160.00 which still leaves a balance of $280.00 to be paid, to bring the account up to and including the month of May.

Right now I am a little short of cash. You know Jim, I have always been a man of my word, so that you can bank on it when I say, I will get you squared away before I move to open the diner at the new location.

Respectfully,

(s) George H. Gibson."

The plaintiff testified that he did not receive any notice to terminate the tenancy from either of the defendants, or receive the letter.

There was evidence that the defendants moved from the premises on June 22, 1956.

The plaintiff claims to be aggrieved by the denial of the following requests:

2. The evidence does not warrant a finding that the defendants, or either of them, gave to the plaintiff a notice to terminate which fixed the time for termination on a rent day.

4. The evidence does not warrant a finding that the defendants, either of them gave to the plaintiff a notice to terminate which specified the time for termination with reasonable exactness.

He also claims to be aggrieved by the allowance of the following requests of the defendant:

2. The tenancy at will between the parties was terminated under the statute providing that the time of notice shall be sufficient if it is equal at least to the interval between the day of payment of rent.

3. The notice from defendant to plaintiff dated May 18, 1956, having been received more than the interval between rent payments, was a sufficient notice under the statute to terminate the tenancy at will.

5. Sufficient evidence was introduced to warrant a finding for defendants.

6. Upon all the evidence and the law, a finding for the defendants should be entered.

The judge found for the defendants. There was no error.

In his brief the plaintiff raises these issues:

■ Is there sufficient evidence to warrant a finding that the plaintiff received a notice to terminate from the defendant? We think there was. The defendant says that he mailed the letter dated May 18, 1956. The letter referred to a check for $160.00 which was enclosed. The plaintiff denied receiving it. In this action he is seeking to recover rent for July and August. He is not seeking to recover rent prior to that time and the trial judge could properly draw the inference that he received the check for $160 mentioned in the defendant's letter, and therefore, received the letter itself. In allowing the defendant's request No. 3 the judge found that the plaintiff received the letter. We cannot disturb that finding.

■ The second issue raised is "Is there sufficient evidence to warrant a finding that the plaintiff received the notice within the

time specified by law and was the notice proper and sufficient to terminate the tenancy?" The rent was payable in advance on the first day of each calendar month, and July first is the rent day in question. In his letter the defendant gave notice that he would be "moved and operating the new Diner, before the end of June . . ." "You will still have your store by July 1st."

The relevant statute G. L. (Ter. Ed.) c. 186, §12 provides that

> "Estates at will may be terminated by either party by three months' notice in writing for that purpose given to the other party; and, if the rent reserved is payable at periods of less than three months, the time of such notice shall be sufficient if it is equal to the interval between the days of payment . . ."

The case of *U-Dryvit Auto Rental Co., Inc. v. Shaw*, 319 Mass. 684 is in point. In that case the rent was payable in advance on the first day of each month, and, on September 26, 1945 the tenant received notice to quit and deliver up the premises "at the end of next month of your tenancy, beginning after this notice." At page 685 the Court said, "The date for termination need not be stated as a certain day. It is enough if it is designated in general terms and may be reasonably understood by the landlord and tenant as fixing a day certain. *Sanford v. Harvey*, 11 Cush. 93, 96." In this case the notice stated that the defendant would be moved and operating the new diner before the end of June. It also stated that the plaintiff would have his store as agreed by July first. The

notice fixed with reasonable certainty the date for termination as July first.

The plaintiff raises the further issue that the letter was addressed to Mr. James Bryon, Bryon's Fish Market, Buzzards Bay, Mass. The trial judge had the right to determine that the names are quite similar and that in the small community of Buzzards Bay which is in the Town of Bourne, the letter was properly delivered. On the evidence together with all rational inferences to be drawn therefrom, the finding of the judge on this point should be sustained.

The finding for the defendant cannot be disturbed. "It is well established that the general finding of the trial judge imports the drawing of all rational inferences of which the case is susceptible and the finding of all necessary subsidiary facts and that finding will not be reversed if upon any view of the evidence it can be sustained." *Standard Oil Co. of N.Y. v. Malagati*, 269 Mass. 126, 129; *Casey v. Gallagher*, 326 Mass. 746, 748; *Moss v. Old Colony Trust Co.*, 246 Mass. 139, 143.

*Report dismissed.*

Chris Byron of New Bedford, for the Plaintiff, in his brief stated that in

*U-Dryvit Auto Rental Co. v. Shaw*, 319 Mass. 684:

> The Court said, "The date for termination need not be stated as a certain day. It is enough if it is designated in general terms and may reasonably be understood by the landlord and tenant as fixing a day certain . . . and a notice given on September

26, 1945 calling for the termination at the end of October, fixed November 1, 1945, a rent day, as the date for the termination and having been given a little more than the interval between the dates of payment, was sufficient to terminate the tenancy".

**Daniel J. Fern of Hyannis, for the Defendant, in his brief stated that:**

When a person is required to prove that he gave notice to a particular person within a specified time and relies upon the mail for its delivery, "he must *offer evidence* that such a notice was prepared and properly addressed and mailed, postage prepaid, in time to reach the person in the regular course of mail within the time" (emphasis supplied). *Schneider v. Boston Elevated Railway Co.,* 259 Mass. 564, 566. See also *Commonwealth v. Orler,* 252 Mass. 55, 63, where it was stated that "it must be shown that a letter properly directed, postage prepaid, has been deposited in the mail before the inference can be drawn that it reached the addressee."

"In the absence of express provision to the contrary, a notice is not given until received by the person to be notified. *Deposit in the mail is evidence of notice, but is not of itself notice"* (emphasis added). *Regan v. Atlantic Refining Co.,* 304 Mass. 353, 354. It must be shown that the notice was received within the time limited. *O'Neil v. Boston,* 257 Mass. 414. *Schneider v. Boston Elevated Railway Co.,* 259 Mass. 564, 566. *Old Colony Railroad Co. v. Assessors of Quincy,* 305 Mass. 509, 513-514.