*Northern District*

No. 5790

**LUDWIG, INC.**

v.

**PEARLE B. TOBEY**

February 28, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Parker, J.* in the Third District Court of Eastern Middlesex (Cambridge). No. 1266 of 1961.

*Connolly, J.* This action of contract involves an alleged breach of a sales agreement under which the defendant was to purchase from the plaintiff a fur jacket. The answer includes a general denial, rescission of the contract, that the price charged by the plaintiff was excessive, and the Statute of Frauds.

The *ad damnum* in the plaintiff's writ was originally $2000.00. On February 8, 1963, which was after the date of the finding for the plaintiff in the amount of $2200.00, and while the report was in the process of being established, the plaintiff moved to increase the *ad damnum* to $2500.00 and this motion was allowed over the objection of the defendant.

*The evidence at the trial would indicate that,* on December 14, 1960 at about 4:00 P.M., the defendant entered the plaintiff's place of business to buy a mink jacket. She selected an Autumn Haze jacket and tried it on. She told the plaintiff's salesman that the jacket would have to be completed so that she could take it the next morning, as

she was to leave Boston the next day. The price for the jacket was $2000.00 plus a tax of $200.00, a total price of $2200.00. The defendant signed a sales slip of the plaintiff which indicated that the defendant had purchased from the plaintiff an "Autumn Haze jacket" for a price of $2200.00. The defendant requested that the jacket be altered to fit her. That evening, the plaintiff's employees worked on the jacket and its alterations and the jacket was completely finished the next morning around 9:00 A.M. The defendant called the plaintiff's place of business on the morning of December 13, 1960 and informed the plaintiff that she would not take the jacket because it was too little and fragile.

The plaintiff put the jacket in storage and rendered a bill to the defendant for $2200.00 on the first of January 1961. The defendant has received at least two statements from the plaintiff for the jacket in this amount. A letter dated January 26, 1961 was sent to defendant by plaintiff and returned with a handwritten note written upon it. The letter consisted of a demand for the $2200.00 purchase price. The handwritten note says in substance that the plaintiff was notified the morning after the alleged sale that the defendant was not going to take the jacket and that the plaintiff has sustained no loss in the transaction.

The defendant seasonably filed 12 requests for rulings. The dispositions by the trial judge of those numbered 2, 6, 10, 11 and 12 are among the assigned reasons for the defendant

being aggrieved. These requests and their dispositions by the trial judge are as follows:

(2) On all the evidence, the plaintiff is not entitled to recover in this action since it has failed to establish its damage. *Denied.* G. L. c. 106, §2-709 (*b*).

(6) The alleged contract was executory since the evidence does not warrant a finding that the plaintiff made a delivery of the goods to the defendant. *Denied. The court finds that the plaintiff had completed his obligations under the contract before the defendant repudiated the contract.*

(10) The evidence does not warrant a finding that there was no available market for the goods in question at the time the plaintiff alleges the defendant repudiated the contract. *Denied.*

(11) The plaintiff is not entitled to recover damages since the evidence warrants a finding that the plaintiff has failed in its duty to mitigate damages where possible. *Denied. The court finds that the plaintiff has used reasonable effort to mitigate the damages by the resale of the jacket, but has been unsuccessful.*

(12) The goods alleged to have been sold were suitable for sale to others in the ordinary course of the plaintiff's business. *Denied. The coat was specially fitted for the defendant and for this reason the coat is not suitable for sale to other customers of the plaintiff in the ordinary course of the plaintiff's business.*

The trial judge found for the plaintiff in the amount of $2200.00 with interest from January 26, 1961 when demand for payment was made and added to his finding the order —"The coat (jacket) is to be delivered to the defendant on payment of execution, but if the coat is sold prior to such payment, the defendant is to be credited for any amount received by the plaintiff on such sale, less plaintiff's reasonable expenses incurred in such sale."

The case is before this Division on the claim of the defendant that she is aggrieved for the following reasons:

(1) The denial of the defendant's requests for rulings 2, 6, 10, 11 and 12.

(2) The ruling of law as to the eligibility of the plaintiff to recover the contract price under request #9.

(3) The finding of the court as to requests ##11 and 12 as they are not based on the evidence included in the rulings.

(4) The inclusion of certain purported orders and statements in the finding for the plaintiff, other than an award for monetary damages.

(5) The award of damages to the plaintiff in excess of the amount of the *ad damnum* in the writ.

We do not regard as important the contention that the allowance of the motion to increase the *ad damnum* in the writ was in error as that action was clearly within the discretion of the trial judge. Nor do we

consider the provision in the finding of the trial judge that deals with the sale of the jacket prior to payment of the execution as prejudicial error. The statute, Uniform Commercial Code, G. L. c. 106, §2-709, (2) specifically authorizes such a procedure.

It is clear from the report that the defendant did breach her contract with the plaintiff and the plaintiff was entitled to damages because of this breach.

The trial judge found that the plaintiff was entitled to the purchase price involved as damages.

The Uniform Commercial Code, G. L. c. 106, §2-709, (1)(b) provides that the seller may recover the purchase price under certain conditions including, "if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing."

A general finding of a trial judge imports the drawing of all rational inferences of which the case is susceptible and the finding of all necessary subsidiary facts, and that finding will not be reversed if, upon any view of the evidence, it can be sustained. *Moss v. Old Colony Trust Co.,* 246 Mass. 139, 143; *Byron v. Gibson,* 16 Mass. App. Dec. 176.

The finding of the trial judge, being for the purchase price, required a finding that a reasonable effort to resell the jacket in question was made, or the circumstances

reasonably indicated that such effort would be unavailing.

We think there was evidence to support both findings.

Quoting from the report—"The plaintiff has attempted to sell the coat beginning in April 1961, subsequent to giving the account to its attorney for collection in March 1961. There was no evidence as to any specific attempt to resell the coat."

This is sufficient to sustain the finding of the trial judge that a reasonable effort to resell the coat was made.

The report does not give the date of the writ. The defendant argues that if the plaintiff is to satisfy the statutory requirement of making a reasonable effort to resell, such effort must be shown to have occurred prior to the date of the writ. We do not agree.

Liability in this case was established when the defendant informed the plaintiff by telephone the morning after the sale that she would not take the coat.

The reasonable effort to resell relates solely to damages. "There can be but one assessment of damages for the course of action on which this suit is based, and all the damages, those accruing after as well as before the bringing of the action, must be included in it."

"Evidence as to damages after the date of the writ was, therefore, rightly admitted." *Fay v. Guynon,* 131 Mass. 31, 35; *Wheeler*

*v. Hanson,* 161 Mass. 370, 377; *Weston v. Barnicoat,* 175 Mass. 454, 456.

But even if the attempt to resell were required to be made prior to the commencement of the action to satisfy the statutory requirement, an unsuccessful attempt, as was made here, would be evidence that a timely attempt would be unavailing. There is other evidence that the circumstances reasonably indicated that efforts to resell would be unavailing.

Quoting again from the report, "The coat is of petite size and the alterations made it smaller in the neck and shoulders, and after alterations, it is not suitable for sale as before the alterations. The coat has remained in the possession of the plaintiff and has been stored in the plaintiff's vaults, and it has been dressed and glazed each year. In its present condition, it is saleable to a person whom it would fit as altered, but is slightly oxydized, and has a value at the time of trial of $1000.00. The plaintiff is ready and willing to sell the coat anytime it receives a good offer. The coat was produced at the trial and seen by the court."

We are of the opinion that this evidence was sufficient to support the inferential finding of the trial judge that the circumstances reasonably indicated that a reasonable effort to resell the coat at a reasonable price would be unavailing.

We find no prejudicial error in the disposition of the defendant's requests for rulings.

The equitable but unusual order of the trial judge reading, "The coat is to be delivered to the defendant on payment of execution, but if the coat is sold prior to such payment, the defendant is to be credited for any amount received by the plaintiff on such sale, less plaintiff's reasonable expenses incurred in such sale", is ordered stricken as superfluous.

There being no prejudicial error, *the report is to be dismissed.*

Richard Braverman, of Boston, for the Plaintiff.
Robert S. Halfyard, of Boston, for the Defendant.