*The President, Directors and Company of the Bank of Rochester* v. *Thomas Emerson and wife.* S. MATTHEWS, for appellants ; E. F. SMITH, for the respondents. This was an appeal by the defendants from an order of the vice chancel. lor of the eighth circuit, directing the master's report of the sale of the mortgaged premises and of the deficiency to be filed as of the day when it was left in the clerk's office by the complainants' solicitor, and that the order to confirm the report be entered nunc pro tunc as of that time. The complaints' solicitor resided in Rochester, where the clerk's office was kept, and had been informed by the clerks in the office that his papers could not be filed, or other services performed for him, unless the fees therefor were first paid. On the 18th of December, 1841, he carried the master's report to the clerk's office to be filed, together with the draft of an order of confirmation, and laid them on the clerk's table to be filed and entered ; but as the fees were not paid, the report was not filed, nor was the order to confirm the report entered, until the 15th day of January thereafter, when such fees were paid. In the mean time the solicitor, supposing that the report of the master had been filed and confirmed, issued an execuion for the deficiency, returnable the 14th of January, which execution was returned unsatisfied. The complainant, thereupon filed a creditor's bill against the defendant Emerson, to obtain satisfaction of such deficiency. An application

Creditor's bill on return of execution for deficiency on a mortgage sale.

Master's report of deficiency must be filed and confirmed, before an execution for deficiency can issue.

was then made to the vice chancellor to set aside the execution for irregularity, upon an affidavit of these facts, and the further fact that the enrolled decree on file had neither been signed by the vice chancellor nor the clerk. The vice chancellor denied the motion; and his decision was submitted to by the defendants. Emerson afterwards pleaded in bar of the creditor's bill, that the report of sale and of the deficiency was neither filed nor confirmed when the execution was issued; which plea was allowed by the vice chancellor, and his decision was affirmed upon appeal to the chancellor. The complainants thereupon filed a replication to the plea denying the truth thereof, and made the application in this cause to have the report filed and the order of confirmation entered nunc pro tunc to enable such complainants to show that the plea of the defendant in the creditor's suit was false. In the mean time Emerson had made a conditional assignment of his furniture and other personal property, and a claim which he held against the state, for the purpose of paying debts to other creditors, which assignment was to take effect in case the creditor's bill should be dismissed. He had also offered to the complainants to have such assigned property applied rateably to the payment of the deficiency in this cause, and the debts for the payment of which it had been conditionally assigned.

THE CHANCELLOR. There is no doubt as to the right of this court to correct or supply the errors or omissions of its clerks and other officers, whenever it can be done without detriment to the rights of third persons, and where substantial justice requires it. As no fee was chargeable by the clerk, upon filing the master's report in a foreclosure suit, where the bill had been taken as confessed, it would have been the clerk's fault that the report was not filed at the time it was left in his office, if the solicitor had informed him of that fact. But the clerk had no right to enter the order to confirm such report until the fee allowed by law for that service was paid, unless he chose to pay the fee himself, which belonged to the state. And as the solicitor had previously

*[margin note: Right of court to correct errors or omissions of its officers.]*

*[margin note: Clerk not bound to enter orders, until fees are paid.]*

been told that services could not be performed for him in the office until the fees for such services were paid, he had no right to presume the clerk would violate the law by entering the order of confirmation, unless the fee for entering it was previously paid, or that the clerk would pay such fee for him. Nor was it necessary for the subordinate clerks in the office to inform him, every time he came there to have any thing done, that the fees must first be paid, when they knew he was already aware of that fact. It was an error of the clerk, however, to seal the execution without examining the minutes of the proceedings in the cause for the purpose of seeing whether the report of the master had been duly confirmed. It was also his mistake that the enrolment of the decree was filed without having been previously signed by himself and by the vice chancellor.

Clerk should not issue execution for deficiency, unless master's report has been duly confirmed.

Although the solicitor swears he supposed the report was confirmed at the time he issued the execution, and that all the services *in this suit* after the 18th of December, 1841, were had in good faith and in confidence that the clerk had filed the report and entered the orders for confirmation on that day, it appears he afterwards learned that such was not the fact; and he does not state that he was not aware of the fact that the order of confirmation was entered after the return day of the execution at the time the proceedings in *another suit* were instituted by the filing of a creditor's bill. On the contrary, 1 think it is fairly inferrible from his own affidavit, and that of Murdock which was read in opposition to this motion, that the complainants' solicitor learned that the report had not been filed and confirmed, at the time he paid the fees on the 15th of January, and that he paid the fees at that time because he was then informed that it was necessary that the same should be paid before the report would be filed and the order for confirmation entered. If the complainants had not notice of the irregulariy at the time of filing the creditor's bill, it must therefore have been the fault of their solicitor in this suit in neglecting to inform the officers of the bank or the new solicitor who filed that bill of the true state of facts. The new solicitor, however, does not state, in his affidavit,

Enrolment of decree not to be filed unless it has been signed.

that at the time that bill was filed he was ignorant of the fact that the order to confirm the report was entered after the return day of the execution. And from my recollection of the language of the bill, which was before me in February last upon the appeal, I am induced to believe that the person who drew it was aware of the fact that the report had not been confirmed when the execution for the deficiency issued. For there was no distinct averment that the report was filed and an order entered for its confirmation on the 18th of December, 1841, stated in the bill as the time when the master made his report showing the amount of the deficiency on that day ; although the bill was so carefully drawn as to leave it to be inferred that such was the fact.

But if no injury would result to any one by the order to file the report and enter the order of confirmation. nunc pro tunc, so as to overreach the issuing of the execution, the court perhaps should not permit the complainants to be prejudiced by the neglect of their solicitor. The necessary effect of the order appealed from, however, will be not only to subject the defendant to the costs of having his plea overrnled as false, when such plea was in fact true at the time it was put in issue by the replication, but also to give these complainants a preference over other creditors, who were entitled to payment of their debts out of the assigned property, if the creditor's bill which had been prematurely filed should be dismissed.

It is a settled principle of the court of chancery, that equality among creditors is equity. And though this court will not deprive a vigilant creditor of any preference he may have obtained over other creditors by his superior vigilance, it would be a violation of that principle of equity to correct the mistakes of his own solicitor for the sole purpose of giving him a preference in payment, at the expense of other creditors, for whose benefit the debtor has made such a contingent assignment of his property as is mentioned in the affidavit of the appellant.

The order appealed from must therefore be modified so as to make the permission to file the report and enter the order

of confirmation nunc pro tunc depend upon the condition that the complainants, within ten days after service of notice of the order, shall stipulate that the appellant may withdraw his plea to the creditors bill, without costs; and that the contingent assignment for the benefit of other creditors referred to in the affidavit of Emerson, shall in no way [be ˉprejudiced by the creditor's bill referred to, but shall have the same effect, so far as the interests of those creditors are concerned, as if that bill had been dismissed; and that if such stipulation is not given within the time required, the application of the respondent be denied with costs, including the costs of the appellants on this appeal.

The proceedings are to be remitted to the vice chancellor.