Jones and others agt. Porter and others.

## SUPREME COURT.

### Jones and others agt. Porter and others.

The court will not regard fractions of a day, in judicial proceedings, unless to prevent injustice (4 *Comst.* 481; *see same case,* 5 *How. Pr. R.* 200).

And it seems this rule will be adhered to in considering a jurisdictional question.

Where the plaintiffs made an affidavit and procured a judge s order requiring the defendant to appear and answer, and an injunction to issue, &c. about two hours before the execution, returned *nulla bona* by the sheriff, had been actually filed in the clerk's office, but on the same day; the plaintiffs supposing that the execution had been filed (it having been delivered to a messenger for that purpose, but who neglected to file it as soon as was intended), *held*, that the fractions of the day should be disregarded, and the plaintiffs' proceedings considered valid.

At all events, the plaintiffs might have an order to file the execution *nunc pro tunc* previous to the issuing of the judge's order.

*Albany Special Term, January* 1852. In this case a judgment was recovered on 12th January 1852, for $514·88. On the same day an execution was issued to the sheriff of Albany county. On the 13th of January, at a few minutes before ten A. M., the sheriff endorsed his certificate of *nulla bona,* and delivered the execution to a clerk in the office of the plaintiffs' attorney, for the purpose of having it filed in the clerk's office. Through inadvertence the person to whom the sheriff delivered the execution, neglected to take it immediately to the clerk's office, and it was not filed in the clerk's office until four o'clock P. M. on the same day. In the mean time the attorney for plaintiffs, having been informed and believing that the execution had been returned unsatisfied, proceeded, about two o'clock on the same day, to make the necessary affidavit of facts, and procured from the county judge of Albany county an order requiring the defendant Porter, to appear and answer concerning his property, and an injunction restraining him from interfering with his property. The order was immediately served and was returnable the next day at nine A. M.

On the return of the order, the defendant Porter, appeared and objected that the execution was not actually filed at the time the

Jones and others agt. Porter and others.

order was made and served, and claimed that the proceedings were therefore irregular and void.

Thereupon the plaintiffs' attorney obtained a stay of proceedings, and moved, on notice, for an order that the clerk file the said execution *nunc pro tunc*, as of ten o'clock A. M., on the day it was received by him.

H. HARRIS, *for Plaintiffs*.

S. O. SHEPARD and A. J. COLVIN, *for Defendants*.

PARKER, Justice.—The affidavit was sufficient upon its face to give the officer jurisdiction of the proceeding at the time he issued the order. But though the return of *nulla bona* had been duly endorsed by the sheriff, and he had sent it on its way to the clerk's office before the affidavit was made, it did not in fact reach the clerk's office, and was not filed, till two hours after the making of the affidavit and the issuing of the order. It was, however, duly filed on the same day the proceedings were commenced, and before the objection was taken before the officer.

It was undoubtedly competent for the defendant to controvert any material fact set forth in the affidavit on which the order was made; and if it could be done successfully, to defeat the proceeding. But it must be remembered that fractions of a day are not enquired into by the court, except for the purpose of guarding against injustice. So the Court of Appeals have recently held in Blydenburgh vs. Cotheal (4 *Comst. R.* 418). In that case an appeal was taken to the Court of Appeals from a judgment rendered in the Supreme Court, before the costs were adjusted and the judgment roll filed, though on the same day; and the court of last resort refused to dismiss the appeal, holding that the fraction of a day ought to be disregarded. There was as much of a jurisdictional question in that case as in this. There could be no ground for appeal, and nothing to appeal from, until the judgment was entered.

In Small vs. McChesney (3 *Cowen*, 19), execution was issued and levied between two and four o'clock in the morning, but the judgment record was not filed till four P. M. on the same day. On motion to set aside the proceedings, the court said, " the whole proceeding is on the same day, which the law will not

divide into fractions, unless this be necessary for the purpose of guarding against injustice," and the motion was denied. Under a different rule, the execution would have been void, and the party and attorney liable in trespass; but the court held the execution supported by the judgment, though over twelve hours intervened.

In Clute vs. Clute (3 *Denio*, 262), a motion was made to set aside an execution issued at two o'clock P. M., the judgment not having been docketed till four o'clock P. M. At a still later hour, and after levy made, the defendant had executed a general assignment for the benefit of his creditors. But, notwithstanding this latter circumstance, the court, under the rule I have mentioned, refused to set aside the execution.

It is shown in the case before me, that after the service of the order on the defendant, he proceeded to make an assignment to some of his creditors, who were his confidential endorsers; and the fact that such assignment will be effectual, if the proceedings before the county judge are not sustained, is urged as a reason why the fractions of a day in this case should not be disregarded. The defendant would have stood on much firmer ground if he had made a general assignment for the benefit of his creditors; for as to them, equality is equity. But even a general assignment, made under such circumstances, would not have furnished a sufficient reason for holding the proceedings of the vigilant creditor irregular, as was decided in Clute vs. Clute, above cited.

In this case the return was duly endorsed, and the execution was delivered to a person to take to the clerk's office, in due season. It ought to have reached the clerk's office within a few minutes after such delivery, and would have done so, but for the inadvertence of the messenger. When the affidavit was made, and the order granted, there was reason to suppose it had been duly filed. It was in fact filed within two hours after the making and service of the order, and long before the objection was taken on the return of the order. The voluntary assignment made to certain preferred creditors was made and taken with a full knowledge of the fact that the execution was then filed. The objection rested, therefore, on a mere technicality, which has in no respect prejudiced the defendant. I see no reason whatever to

take this case out of the well settled general rule that fractions of a day are to be disregarded.

But if there is any necessity for relief by amendment, the authorities that warrant it are abundant and controlling. In Seaman vs. Drake (1 *Caines R.* 9), judgment was amended *nunc pro tunc*, after a lapse of several terms, by allowing the clerk to sign the roll. In Close vs. Gillespy, a judgment defectively entered upon warrant of attorney, was permitted to be amended *nunc pro tunc*, and an intervening judgment creditor was not permitted to avail himself of the irregularity. In Chichester vs. Candee (3 *Cow. R.* 39), a creditor had issued execution and levied on property, and had by mistake omitted to file his judgment record. Another execution was then regularly issued by another creditor and levied on the same property. The first creditor was permitted to file his record *nunc pro tunc*, so as to support his execution and retain the preference in the proceeds of the sale. In The Bank of Rochester vs. Emerson (10 *Paige*, 359), an amendment was permitted after a lapse of nearly a month, by filing and confirming a report on which an execution had been issued for a deficiency, but without prejudice to the rights of creditors under a general assignment in the mean time executed. This exception was made, on the ground that the iregularity had been willful, and in view of the principle that equality among creditors was equity.

The case of Bradford vs. Reed (2 *Sand. Ch. R.* 163), was still more likĕ the case under consideration. It was a creditor's bill, and the defendant had set up in defence that the execution had not been returned and filed. Although that was the question in controversy, the plaintiff was permitted to avail himself of a rule of the Supreme Court, made *ex parte*, permitting him to file another execution *nunc pro tunc*, in place of one proved to have been mailed, but which had never reached the clerk's office; and the opinion was expressed by the vice chancellor that the plaintiff might have had such amendment on notice.

All these, and many others to be found in the reports, are cases where amendments were allowed long after the omission, and except in one instance, without saving the rights of intervening claimants. In the case before me no such latitude of amendment

is asked; the difference of time being but two hours, with no intervening claim.

The motion must be granted on payment of $10 costs of resisting the motion.