Dawes v. Wheeler.

---

DAWES v. WHEELER ET AL.

Section 56 of the Chancery act, (*Rev., p.* 113,) which provides that all decrees and orders of the Court of Chancery whereby any sum of money shall be ordered to be paid by one person to another shall have the force, operation and effect of a judgment at law, and also provides for the filing of and record of an abstract of such decree in the office of the clerk of the Supreme Court, in order to make the same a lien on lands, does not apply to an ordinary decree of foreclosure, and the record of such a decree in the clerk's office will be expunged.|

On motion to set aside entry of a judgment made upon an abstract of a decree of the Court of Chancery.

Argued at November Term, 1882, before Justices DEPUE, VAN SYCKEL and REED.

For the motion, *F. G. Burnham.*

The opinion of the court was delivered by

DEPUE, J.   On a bill filed for the foreclosure of a mort-
gage, a final decree for sale and foreclosure was taken, and
execution issued thereon, by virtue of which a sale was made
of the mortgaged premises.   The property sold for less than
the sum due on the decree.   A statement of sale was made
by the sheriff, showing the amount of the sale and the bal-
ance due on the decree.   On this statement of the case, without
any decree of the Chancellor for the deficiency, the com-
plainant filed in the office of the clerk •f this court an ab-
stract of the original decree of foreclosure, in order to obtain
for it the force and effect of a judgment of this court under
the provisions of the fifty-sixth section of the Chancery act.
*Rev., p.* 113.

The statute under which this proceeding was taken pro-
vides for making orders and decrees of the Court of Chancery
in effect judgments of this court, only in cases where the
order or decree is such that a sum of money.is ordered to be
paid by one person to another, and the order or decree is in
substance and form *in personam.*   A suit for the foreclosure
of a mortgage and the sale of the mortgaged premises is a
proceeding *in rem.*   As an incident to such a suit in the
Court of Chancery, the Chancellor is empowered by statute,
on a bill properly framed, to make a decree for the payment
of the excess of the mortgage debt over the net proceeds of
the sale by any of the parties to the foreclosure suit who may
be liable either at law or in equity for the payment of the
same.   *Rev., p.* 118, § 76.   But until such a decree be made
by the Chancellor, there is no order or decree for the pay-
ment of money such as is required by the statute under which
the abstract in this case was filed.   *Bell* v. *Gilmore,* 10 *C. E.
Green* 104; *Mutual Life Ins. Co.* v. *Southard, Id.* 337; *Bank
of Rochester* v. *Emerson,* 10 *Paige* 359; 2 *Jones on Mortgages,*
§§ 1709–1720.

The jurisdiction of this court in the premises is founded on

a decree *in personam* for the payment of a definite sum made in the Court of Chancery. The proceeding is wholly statutory, and, if the conditions of the statute be not complied with, is *coram non judice*. *Tasto* v. *Klopping*, 14 *Vroom* 448.

The entry of the judgment made by the clerk is vacated, with costs.