MARY A. FINNERAN, administratrix, *vs.* JOHN B. GRAHAM.

Suffolk.    March 3, 1908. — April 6, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence*, Employer's liability, Notice under R. L. c. 106, § 75.

It is necessary for the plaintiff in an action brought against an employer under R. L. c. 106 for damages resulting from injuries to an employee of the defendant, to show that the notice required by § 75 was given before the action was commenced; and evidence, which shows merely that such notice was given to the defendant at fifteen minutes before six on the afternoon of the same day on which the writ was dated, is not sufficient.

TORT under R. L. c. 106, §§ 71, 72, for personal injuries received by the plaintiff while in the defendant's employ. Writ in the Superior Court for the county of Suffolk dated February 20, 1905.

There was a trial before *Bond*, J., who ruled that it did not appear that the notice required by R. L. c. 106, § 75, was given before the action was commenced, and directed a verdict for the defendant. The plaintiff excepted.

*E. C. Bumpus & C. W. Rowley*, for the plaintiff.

*J. Lowell & J. A. Lowell*, for the defendant.

SHELDON, J. It is now very properly conceded that there was evidence on which the jury might have found that the plaintiff's intestate died without having been for ten days at any time after his injury of sufficient capacity to give the notice required by R. L. c. 106, § 75; and the only question is whether it could have been found that the notice was given to the defendant before the action was brought. If this could not

have been found, the action could not be maintained. The giv-
ing of the notice is a condition precedent to the right of action,
and must precede the writ. *Healey* v. *Blake Manuf. Co.* 180
Mass. 270, 273. *Veginan* v. *Morse,* 160 Mass. 143. This has
been the rule laid down under other similar statutes. *Mack* v.
*New York, New Haven, & Hartford Railroad,* 172 Mass. 185, 186.
*Madden* v. *Springfield,* 131 Mass. 441, 444. *Mitchell* v. *Worces-
ter,* 129 Mass. 525, 526. *Gay* v. *Cambridge,* 128 Mass. 387.
*Hope* v. *Scranton & Lehigh Coal Co.* 105 N. Y. Supp. 372. *Chis-
holm* v. *Manhattan Railway,* 101 N. Y. Supp. 622. *Keen* v.
*Millwall Dock Co.* 8 Q. B. D. 482.

The writ was dated February 20, 1905; and that must be
taken to have been the commencement of the action. *Farrell* v.
*German American Ins. Co.* 175 Mass. 340, 346, and cases there
cited. The most favorable testimony for the plaintiff was that
the notice was given to the defendant at a quarter before six
o'clock of the afternoon of the same day. Would the testi-
mony have warranted a finding that the notice was given before
the making out of the writ?

Undoubtedly the notice may be made and served on the same
day that the writ is sued out; the only requirement as to this is
that the service of the notice must precede the bringing of the
action, because, as we have seen, it is a condition precedent to
the right to maintain the action. And it follows necessarily
that, if both the service of the notice and the suing out of the
writ occur on the same day, as in the case before us, the plaintiff
may introduce evidence that the former was done at an earlier
hour than the latter, and the defendant may offer evidence to
the contrary. The case would be taken out of the ordinary rule
that the law will not regard fractions of a day, by the fact that
justice and a proper determination of the rights of the parties
would require the order of the two events to be fixed. *Ham-
mond* v. *Thompson,* 168 Mass. 531. *Garity* v. *Gigie,* 130 Mass.
184. *Bigelow* v. *Willson,* 1 Pick. 485, 495. *Westbrook Manuf.
Co.* v. *Grant,* 60 Maine, 88. *Matter of Richardson,* 2 Story,
571. *Combe* v. *Pitt,* 3 Burr. 1423, 1434. But the burden is
upon the plaintiff to show that he is entitled to maintain his
action, and that he has performed every condition precedent
to the obtaining of that right. If there is no evidence which

event preceded the other, it necessarily follows that he must fail.

Nor is the plaintiff helped by any presumption of regularity in the proceedings of public officers, or of the natural and usual order of business having been followed in business transactions. The statute gave him a right of action against his employer in certain enumerated cases, but imposed upon him the condition of first serving a notice upon the defendant. He must show that he has done this, and that he has done it before suing out his writ. Unless and until this has been shown, the defendant has a right to say that the statutory conditions of his liability have not been satisfied. This is not a question of the regularity of judicial proceedings like *Blydenburgh* v. *Cotheal*, 4 Comst. 418; *Jones* v. *Porter*, 6 How. Pr. 286; and *Revill* v. *Claxon*, 12 Bush, 558; or of the usual course of business, like *Ivy* v. *Yancey*, 129 Mo. 501. Nor is it a case where the two acts in question are shown to have been done concurrently, so that the one may be given effect first which ought in strictness to have been done first, as in *Carleton* v. *Ashburnham*, 102 Mass. 348, and *Claflin* v. *Thayer*, 13 Gray, 459. And there is no evidence that this writ was made out provisionally only, as in *Seaver* v. *Lincoln*, 21 Pick. 267, and *Badger* v. *Phinney*, 15 Mass. 359; and we need not consider whether the doctrine of those cases could be applied to an action like the one now before us.

It follows that the verdict for the defendant was rightly ordered, because there was no evidence that the statutory notice was served upon him before the making out of the writ.

*Exceptions overruled.*