GEORGIE E. PIERCE *vs.* GERTRUDE C. TIERNAN.

CHARLOTTE B. PHILLIPS *vs.* SAME.

Suffolk.   January 4, 1932. — September 12, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & FIELD, JJ.

*Limitations, Statute of. Evidence,* Presumptions and burden of proof. *Practice, Civil,* Commencement of action. *Time.*

The writ, in an action of tort to recover compensation for personal injuries alleged to have been sustained by reason of a collision of an automobile in which the plaintiff was a passenger with an automobile negligently operated by the defendant, bore as its date the last day on which an action could have been commenced without being barred by the statute of limitations, G. L. c. 260, § 4; St. 1925, c. 346, § 10; was returnable to the Superior Court in the county of Suffolk on the latest return day permissible under G. L. c. 223, § 22, in view of that date in the writ; was given to the officer for service two months lacking four days after its date; and was served six days later. The defendant pleaded the statute of limitations. The action was heard by a judge without a jury. No evidence was offered by the defendant either that the writ was made provisionally or that it was not made at the time it bore date, or that the action was not commenced in good faith by the drawing of the writ. The judge found that the action was not seasonably begun, ruled that it could not be maintained and found for the defendant. *Held,* that
   (1) Whether the writ was actually made out on the day of its date was a question of fact notwithstanding the *prima facie* effect of the writing of that date in the writ;

(2) It could not have been ruled as matter of law that on all the evidence the action was not barred by the statute of limitations;

(3) The finding was warranted.

Two ACTIONS OF TORT. Writs dated October 8, 1929.

In the Superior Court the actions were heard together by *Greenhalge,* J., without a jury. Material evidence and findings and rulings by the judge are described in the opinion. There were findings for the defendant. The plaintiffs alleged exceptions.

*S. H. Davis,* (*M. L. Looney, Jr.,* with him,) for the plaintiff Pierce.

*F. L. Viccaro,* for the plaintiff Phillips, submitted a brief.

*E. J. Sullivan,* for the defendant.

RUGG, C.J. Each of the plaintiffs in these actions of tort seeks to recover compensation for personal injuries alleged to have been sustained by reason of the collision of the automobile in which the plaintiff was a passenger with an automobile negligently operated by the defendant. The statute of limitations was pleaded among other defences. In each action the injuries were sustained on October 8, 1928; the writ was dated October 8, 1929, was returnable on the first Monday of January, 1930, was placed in the hands of the officer for service on December 4, 1929, was served on December 10, 1929, and was duly entered in court on January 6, 1930. No evidence was offered by the plaintiffs concerning the date of the writ. No evidence was offered by the defendant that either writ was made provisionally (*Estes* v. *Tower,* 102 Mass. 65), or was not made at the time it bore date, or that either action was not commenced in good faith by the drawing of the writ on October 8, 1929. At the close of the evidence the defendant filed a motion in each case that the finding should be in her favor. These motions were allowed. The trial judge, before whom there was trial without a jury, made identical findings in each case of this tenor: "I find that although the writ was dated October 8, 1929, it was not placed in the hands of an officer for service until December 4, 1929, and was not actually served until December 10, 1929. As the accident occurred on October 8,

1928, I find that the action was not seasonably begun by the plaintiff, and I rule that it cannot be maintained and find for the defendant."

These actions under the governing statute, G. L. c. 260, § 4, as amended by St. 1925, c. 346, § 10 (see St. 1929, c. 29, § 1; St. 1931, c. 458, § 5), must have been commenced within one year after the cause of action accrued. In computing this limit of time, the day upon which the cause of action accrued is to be excluded. *Bemis* v. *Leonard,* 118 Mass. 502, 506. *Laine* v. *Aarnio,* 265 Mass. 374. Therefore, each action would be seasonably commenced by writ actually made on the date written in the writ. That was the last date on which actions could have been commenced without being barred by the statute of limitations. It was said in *Gardner* v. *Webber,* 17 Pick. 407, 412, that "the day of the date [of the writ] was the commencement of the action. It is *primâ facie* evidence only, and admits of evidence to rebut the presumption arising from the date; but until rebutted, the presumption is to prevail, that the true date appears; and that date is the commencement of the suit." *Krasnow* v. *Krasnow,* 253 Mass. 528. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 39, 41. This was affirmed in *Bunker* v. *Shed,* 8 Met. 150, where the facts were that the writ was dated March 8, 1841, and was served on May 31, 1841, the statute of limitations, if available as a defence, having become a bar after the date and before the service of the writ. The jury were charged in substance that the burden was on the defendant to show that the action was barred and that if it was found that the writ was made at the time it bore date, with an intention to cause it to be seasonably served, the commencement of the action was the date of the writ. Respecting this point, it was said in the opinion, at page 153: "Such writ must have been made with the intention to have the same seasonably served, and the delay in procuring such service, in the present case, was proper evidence for the consideration of the jury; but this fact imposed no new burden on the plaintiff. The whole matter was properly left to the jury to consider, and under such instructions

as seem to us conformable to law." This principle is supported by more recent decisions. *International Paper Co.* v. *Commonwealth*, 232 Mass. 7, 11–15. *Rosenblatt* v. *Foley*, 252 Mass. 188, 190. *Myers* v. *Warren*, 275 Mass. 531, 534. It prevails generally. *Cross* v. *Barber*, 16 R. I. 266, and cases there collected and reviewed.

The application of this principle to the case at bar requires the ruling as matter of law that whether the writ was actually made out on the day of its date was a question of fact notwithstanding the *prima facie* effect of the writing of that date in the writ. While there was no oral evidence touching the matter, there were circumstances entitled to consideration. The date written in the writ was the last possible date on which action at law could have been commenced in order to avoid the statute of limitations. The writ was made returnable at the latest return day permissible in view of that date in the writ. G. L. c. 223, § 22. Nearly two months elapsed after the date written in the writ before it was placed in the hands of an officer for service. The cause of action was very simple. In view of the statutes governing the issuance of licenses to operate automobiles and the duty to give name and residence by one driving an automobile in collision or causing injury to another, it may be presumed that the identity of the defendant was or might have been known to each plaintiff without delay after the injuries were received. G. L. c. 90, § 8, and § 24 as amended by St. 1928, c. 281, § 1 (see now St. 1929, c. 274); *Commonwealth* v. *Bleakney*, 278 Mass. 198. Other factors relating to the crowded condition of the docket of the Superior Court in Suffolk County and the delay in reaching a case of this nature for trial might be thought entitled to weight. All these and perhaps other circumstances of which the trial judge might take notice rendered it a question of fact whether the date written in the writ was the true date of the commencement of the action. It could not have been ruled as matter of law that on all the evidence the action was not barred by the statute of limitations. It might have been found so unlikely that, if the action was commenced on the date written in the writ, there would

have been such delay in causing the writ to be served as to meet the force of the inference from the date written in the writ. The effect of the *prima facie* case arising from the date written in the writ is strong. *Carroll* v. *Boston Elevated Railway,* 200 Mass. 527, 536. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587. But it cannot be pronounced as matter of law so weighty as to require a finding in the cases at bar in favor of the plaintiffs. There is nothing at variance with this conclusion in *Krupp* v. *Craig,* 247 Mass. 273. In *Farrell* v. *German American Ins. Co.* 175 Mass. 340, there was no ruling of law as to the effect of the date written in the writ but a general finding in favor of the plaintiff, which imported a finding of fact that the action was in truth begun on the date of the writ, and it was held that a contrary ruling of law was rightly refused.

In each case the entry may be

*Exceptions overruled.*