THOMAS SMITH, JR., *vs.* WALTER GREELEY.

Bristol.    May 22, 1935. — June 25, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil,* Commencement of action.

The question of seasonable commencement of an action required to be commenced within one year after October 3, 1930, was for the jury where it appeared that the writ was dated September 14, 1931, and was served on October 5, 1931, and there was evidence that it was made out on September 14, 1931, and on October 1, 1931, was left where the officer could get it for service.

TORT.    Writ dated September 14, 1931.

The action was tried in the Superior Court before *Collins,* J.    There was a verdict for the plaintiff in the sum of $4,000. The judge reported the action for determination by this court.

The case was submitted on briefs.

*R. H. Willard & A. S. Allen,* for the defendant.

*H. W. Radovsky & I. H. Simon,* for the plaintiff.

PIERCE, J.    This is an action of tort to recover damages for injury sustained by the plaintiff in a motor vehicle accident, which occurred on October 3, 1930, in the town of Stoughton in this Commonwealth.    The writ is dated September 14, 1931, and was returnable to the Superior Court for the county of Bristol on the first Monday of November, 1931.    The return of the deputy sheriff showed that service was made upon the defendant on October 5,

1931. The defendant set up in his answer, among other defences, that the plaintiff's cause of action did not accrue within one year before the commencement of the action. The case was tried to a jury with the case of one Evelyn Rude against the same defendant. The jury returned a verdict for the plaintiff. The trial judge reported the case to this court with the provision that "If there was no evidence upon which the jury properly could find that this action was seasonably commenced, judgment is to be entered for the defendant; otherwise the verdict of the jury rendered the twenty-fourth day of October, 1934, should stand and judgment to be entered on said verdict."

The record contains all the evidence relating to the question when the action was commenced. The burden of proof was upon the plaintiff to satisfy the jury by a preponderance of evidence that it was commenced by the purchase of an appropriate writ not later than October 3, 1931, with an intention to have the writ seasonably served before the sitting of the Superior Court for the county of Bristol, to which it was returnable on the first Monday of November, 1931. G. L. c. 260, § 4, as amended by St. 1925, c. 346, § 10 (see St. 1929, c. 29, § 1; St. 1931, c. 458, § 5). *Bunker* v. *Shed*, 8 Met. 150, 153. *Rosenblatt* v. *Foley*, 252 Mass. 188, 190. *Pierce* v. *Tiernan*, 280 Mass. 180, 182, 183. The testimony of an attorney at law called by the plaintiff warranted findings of fact that he represented the plaintiffs in these actions; that on September 14, 1931, he had the writs issued that appear in the cases; "that he had these writs made out on that day"; that on October 1, 1931, he called a deputy sheriff, one Capen, on the telephone; that in consequence of information then received he put in a call at the court house in Dedham in the county of Norfolk for the said deputy sheriff; that some one answered and said that "he was Deputy Sheriff Capen"; that as a result of that talk the attorney at law left the two writs in an envelope with Deputy Sheriff Capen's name upon it in Cobb's drug store in Stoughton in said county, on Thursday, October 1, 1931; that Capen picked them up at said drug store on Monday, October 5, 1931, served them on that day

and gave them to his clerk to make a record of them.  On the above facts, disregarding the telephone conversation, it is plain the jury were warranted in finding that the writs were made on September 14, 1931, with an intention that they should be seasonably served on the defendant before the return day of the writs in the Superior Court.  The date of the writ is *prima facie* the date of its purchase, and of the commencement of the action.  *Pierce* v. *Tiernan*, 280 Mass. 180, 182, 183, and cases cited.  The delay in the service of the writ was proper but not conclusive evidence for the jury on the question whether the action was in fact commenced on or before October 3, 1931.  On all the evidence the jury could properly find that the action was seasonably commenced.

*Judgment on the verdict.*