MARGARET REGAN *vs.* THE ATLANTIC REFINING COMPANY.

Suffolk.   April 4, 1939. — November 28, 1939.

Present: FIELD, C.J., LUMMUS, COX, & RONAN, JJ.

*Snow and Ice.   Notice.   Practice, Civil,* Commencement of action.   *Evidence,* Presumptions and burden of proof.

Evidence, merely that the writ, served four days after its date, in an action for personal injuries caused by falling on ice on the defendant's premises bore a date the same as that of a notice under G. L. (Ter. Ed.) c. 84, § 21, delivered on the day following its date, did not warrant a finding that the plaintiff had sustained the burden on him of proving that he gave the notice before the commencement of the action.

TORT.   Writ in the Superior Court dated February 14, 1935.

After the recording with leave reserved of a verdict for the plaintiff in the sum of $1,200, *Walsh,* J., ordered entered a verdict for the defendant.

*M. Michelson,* for the plaintiff.

*W. White,* for the defendant.

LUMMUS, J.   The plaintiff suffered bodily injury on January 23, 1935, by slipping and falling upon ice in the defendant's driveway.   The only question relates to compliance with G. L. (Ter. Ed.) c. 84, § 21, which requires in such a case written notice of the time, place and cause of the

injury to be given to the defendant within thirty days after the injury. *DePrizio* v. *F. W. Woolworth Co.* 291 Mass. 143. *Klein* v. *Boston Elevated Railway*, 293 Mass. 238. See also *Berlandi* v. *Union Freight Railroad*, 301 Mass. 47, 51.

In the absence of express provision to the contrary, a notice is not given until received by the person to be notified. Deposit in the mail is evidence of notice, but is not of itself notice. *O'Neil* v. *Boston*, 257 Mass. 414. *Schneider* v. *Boston Elevated Railway*, 259 Mass. 564, 566. *Thorndike, petitioner*, 270 Mass. 334. *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 499–500. *Sheldon* v. *Bennett*, 282 Mass. 240, 246. *Amsler* v. *Quincy*, 297 Mass. 115, 118.

Since the giving of the notice is necessary to complete the cause of action, the burden is on the plaintiff to allege and prove that the notice was given before the action was commenced. *Finneran* v. *Graham*, 198 Mass. 385. *Miller* v. *Rosenthal*, 258 Mass. 368. See also *Greem* v. *Cohen*, 298 Mass. 439, 442; *Berlandi* v. *Union Freight Railroad*, 301 Mass. 47, 51.

Both the notice and the writ were dated February 14, 1935. There was evidence, consisting of stamps on the envelope that contained the notice, of delivery of the notice on February 15, 1935. Wigmore, Evid. (2d ed.) §§ 151, 2152. There was no evidence of delivery on any earlier day. An action is commenced when a writ is made out with an unconditional intent to have it served in due course. Sometimes a requirement of delivery to an officer with that intent has been added, but we need not consider that requirement in this case. *Parker* v. *Rich*, 297 Mass. 111, 113, and cases cited. Compare *Bunker* v. *Shed*, 8 Met. 150; *Pierce* v. *Tiernan*, 280 Mass. 180, 182; *Smith* v. *Greeley*, 291 Mass. 271. There was no evidence of the time when the writ in the present case was delivered to an officer, as there was in *Veginan* v. *Morse*, 160 Mass. 143, 146. It was not served until February 18, 1935.

The date appearing upon a writ is *prima facie* evidence that the action was commenced on the day stated. *Farrell* v. *German American Ins. Co.* 175 Mass. 340, 346. *Finneran* v. *Graham*, 198 Mass. 385. *O'Brien* v. *McManama*, 281

Mass. 89.  *Cincotta* v. *DuPuy*, 294 Mass. 298, 299–300.
*B. M. C. Durfee Trust Co.* v. *Turner*, 299 Mass. 276, 278.
But fairly slight circumstances may warrant an inference
that the writ was made out provisionally or condition-
ally, and not as the present commencement of an action.
*Pierce* v. *Tiernan*, 280 Mass. 180.  *Rosenblatt* v. *Foley*, 252
Mass. 188.  *Smith* v. *Greeley*, 291 Mass. 271.  The plaintiff
cites *Federhen* v. *Smith*, 3 Allen, 119, to show that the fact
that the action could not lawfully be brought until after
notice had been given is some evidence that the writ was
not intended to be effective before.  But that would be in-
consistent with the later case of *Finneran* v. *Graham*, 198
Mass. 385, where the writ was dated the same day on which
the notice was given, and it was held that there was no evi-
dence that the notice preceded the commencement of the
action.  See also *Veginan* v. *Morse*, 160 Mass. 143, 146–147.
Likewise in the present case the plaintiff has not sustained
her burden of proof that the notice was given before the
action was commenced.  This question was actually before
the Superior Court, and is before us on the report.  A ver-
dict for the defendant was properly entered under leave
reserved.  G. L. (Ter. Ed.) c. 231, § 120.

*Judgment for the defendant.*