### William J. SMITH
#### v.
### Gilbert J. PASQUALETTO.
#### Civ. A. No. 54-502.

United States District Court
D. Massachusetts.
Nov. 27, 1956.

Alfred Sigel, Boston, Mass., Hubert C. Thompson, Boston, Mass., for plaintiff.

Thomas F. Maher, Boston, Mass., for defendant.

ALDRICH, District Judge.

 This is an action for personal injuries. Following a verdict for the plaintiff the defendant, whose motion for a directed verdict on the ground of the statute of limitations was denied at the close of the evidence, moved for judgment n. o. v. The action was commenced in this court June 21, 1954. The plaintiff is a resident of Massachusetts; the defendant of Illinois. Service of process was made upon the Registrar of Motor Vehicles pursuant to Mass.G.L.(Ter. Ed.) Ch. 90, § 3C. The defendant answered and alleged, among other things, that the cause of action did not accrue within one year prior to its commencement. The plaintiff's injuries were admittedly sustained on June 20, 1953, as the result of a collision on a public way in the City of Boston between his car and one operated by the defendant. At the trial he took the position that June 21, 1954 was within one year of June 20, 1953. There is no basis for this, and the reverse is true. See Smith v. Greeley, 291 Mass. 271, 272, 196 N.E. 903; Pierce v. Tiernan, 280 Mass. 180, 182, 183, 182 N.E. 292.

 He now makes two further contentions. The first is that the defendant having admittedly been a non-resident, the statute of limitations was tolled under G.L.(Ter.Ed.) Ch. 260, § 9. It is true that this section provides for a suspension during such period as the defendant "resides out of the commonwealth." "Reside" does not refer to presence, but to domicile. In other words, so long as personal jurisdiction exists, irrespective of physical presence, G.L.(Ter.Ed.) Ch. 223, § 31; Bay State Wholesale Drug Co. v. Whitman, 280 Mass. 188, 182 N.E. 361, the statute is not tolled. Under Ch. 90, § 3A, the defendant, by operating a motor vehicle on a public way within the Commonwealth, automatically appointed the Registrar of Motor Vehicles his agent for service of process. The great weight of authority holds that a tolling statute is to be construed not by the letter, but by its substance and purpose, and that where an out-of-state defendant is thus made amenable to process it does not apply. See, e. g., Steiner v. Twentieth Century-Fox Film Corp., 9 Cir., 232 F.2d 190; Scorza v. Deatherage, 8 Cir., 208 F.2d 660; Reed v. Rosenfield, 115 Vt. 76, 51 A.2d 189. The Massachusetts court has not passed on this question.[1] However, Massachusetts follows the general rule that the purpose, and not the letter of a statute controls. Price v. Railway Express Agency, Inc., 322 Mass. 476, 484, 78 N.E.2d 13. Particularly it recognizes the principle that later acts may so change a situation as to limit the appli-

1. In Rockwood v. Whiting, 118 Mass. 337, the defendant, who had executed a promissory note, resided in New Hampshire. It was held that the statute was tolled as to him even though he came to Massachusetts every day and did business on a railway siding. That case is quite different. The defendant there, though accessible, was not as available to process as one domiciled continuously in the state. If the court were to consider in each instance, as a question of fact, whether the defendant's intermittent availability was "good enough," there would be unending questions of degree. Where, however, the known agent for service is constantly present, no question of degree arises.

cation of an earlier statute in the new circumstances. Commonwealth v. Welosky, 276 Mass. 398, 403, 177 N.E. 656, certiorari denied 284 U.S. 684, 52 S.Ct. 201, 76 L.Ed. 578. I believe Massachusetts, having provided for full jurisdiction over non-resident operators, would follow the weight of authority exempting them from the tolling statute. Any other result would be discrimination for no reason or purpose.

■■ The plaintiff's remaining claim is that the period of limitations is two years, not one. Mass.G.L.(Ter.Ed.) Ch. 260, § 4, provides, in part, "actions of tort for bodily injuries * * * the payment of judgments in which is required to be secured by chapter ninety * * * shall be commenced only within one year next after the cause of action accrues." Chapter 90 relates to motor vehicles. Section 1A thereof provides, in effect, that no such vehicle shall be registered in the Commonwealth unless the owner has a policy of insurance or bond meeting certain requirements, colloquially known as compulsory insurance. The plaintiff points out that Ch. 90, § 3 provides that non-residents operating within the Commonwealth for not more than 30 days in the aggregate and registered in a state approved by the Registrar of Motor Vehicles need not have insurance. His first difficulty is that he failed to try his case on this theory. Although it appeared that defendant's car had an Illinois registration, no evidence was introduced as to how often, or how long, it had been in the Commonwealth. Nor was it shown that Illinois was an approved state. The burden is on the plaintiff, if the statute of limitations has been pleaded, to show that his action was seasonably brought. Breen v. Burns, 280 Mass. 222, 182 N.E. 294. Therefore the defendant, presumptively, was subject to the general portion of Ch. 90, § 3, providing that non-resi-

dents must carry insurance. Nor do I accept plaintiff's contention that § 3 does not "require" security. See discussion infra.

■ A further provision of Ch. 90 is § 3G, entitled "Security for damage caused by motor vehicles of non-residents." This section provides that in a suit brought against any non-resident for bodily injury resulting from an accident in the Commonwealth caused by a motor vehicle owned or operated by such non-resident the court may order the posting of a bond as "security * * * to satisfy any final judgment that may be recovered in such action." Plaintiff argues that security is not "required" under this section because there is no criminal penalty and the only consequence, if a defendant fails to comply, is that his right to operate thereafter in the Commonwealth will be revoked. This is a question of statutory interpretation. The extent of the penalty does not determine whether or not something is "required." Thus, recording of mortgage documents is "required by law" even though the only result of failure to record is loss of rights against subsequent purchasers. Mason v. Wylde, 308 Mass. 268, 32 N.E.2d 615, certiorari denied 314 U.S. 638, 62 S.Ct. 74, 86 L.Ed. 512. I hold that the judgment in this case was "required to be secured" under § 3G within the intent of the legislature.[2]

Finally, the plaintiff makes two extraordinary arguments. The first is that Chapter 90 is "simply a registration statute and nothing else," so, seemingly, does not require security from anybody. This deserves no comment. The second is that Chapter 90 does not require security from non-residents, because the legislature said so when it requested an advisory opinion as to the constitutionality of compulsory insurance, citing In re Opinion of the Justices, 1925, 251 Mass. 569, 602, 147 N.E. 681. The pro-

2. It might be argued that this section gives only a discretionary right to the court, which it may not exercise. Nevertheless, if the court does require the security it would necessarily be doing so pursuant to Ch. 90. It could not reasonably be thought that the court's decision in a particular case would be meant to determine the time when suit should have been brought.

posed bill then inquired about did not contain what is now § 3, which was added by Mass. Acts 1931, Ch. 142, or § 3G, which was added by Mass. Acts 1945, Ch. 590. The time of the court should not be taken up with such argument.

The defendant's motion for directed verdict is allowed.