Aguiar, J.
This appeal raises the issue of whether the judge erred in finding that in the absence of express provisions to the contrary, a notice is not given until received by the person to be notified.
We find there was no error.
The plaintiff and defendants entered into a Purchase and Sale Agreement dated May 30, 1997 whereby the plaintiff agreed to purchase Unit #406 of the Baker Square Condominium from the defendants. The agreed upon purchase price was $142,900.00 and the plaintiff paid a deposit of $7,145.00. The plaintiff was required to apply for financing of $42,900.00 on or before June 4,1997 and if despite buyer’s diligent efforts financing was not obtainable on or before June 20, 1997, that “Buyer may terminate this agreement by written notice to the Seller and/or Broker (s), as agent(s) for the Seller, prior to the expiration of such time.” Addendum A of the Purchase and Sale Agreement which was drafted by the plaintiffs counsel reads as follows: “1. Notices All notices required under this agreement shall be deemed properly sent when sent certified mail, return receipt requested etc.” The Purchase and Sale Agreement, paragraph 22, states that “If the Buyer shall fail to fulfill the Buyer’s agreements herein, all deposits made hereunder by the Buyer shall be retained by the seller as liquidated damages, and this shall be Seller’s sole and exclusive remedy at law or in equity.”
On June 20, 1997 the plaintiff was unable to obtain financing and on June 20, 1997 mailed the defendants notice by certified mail requesting the return of her deposit or an extension. Said written notice from buyer was picked up at the Post Office by the defendants on June 25,1997. The extension was not granted by the defendants. The defendants have refused to return said deposit stating that notice was not timely given because notice should have been, but was not received on or before June 20,1997.
Summary judgment was granted to the defendants.
Plaintiff argues that to rule that notice must be received as opposed to sent by the deadline would be to nullify the notice paragraph altogether and would result in a forfeiture of $7,145.00 to the plaintiff. Plaintiff’s motion for summary judgment was denied by the court.
We disagree with the plaintiff.
The judge found that “the purchase and sale agreement made clear that to successfully terminate the contract, written notice must be received by the seller prior to the expiration of the time to secure financing, which was denoted as June 20, 1997. That the addendum required that the notice be sent by certified mail does *194 not negate the requirement that notice of termination actually be received by June 20, 1997. The language of the addendum requiring that notices shall be deemed properly sent when sent by certified mail does not obviate the rule that notice is not given until received by the person to be notified.” Fereira v. Gross, 323 Mass. 175 (1948).
Under Massachusetts law, it is the established rule of contract law that in the absence of express provisions to the contrary, that a notice is not given until received by the person to be notified. Regan v. Atlantic Refining Co., 304 Mass. 353, 354 (1939). Deposit in the mail is evidence of notice, but it is not itself notice. Plaintiffs notice clause was defective because it failed to state when notice was deemed given. There is in the Agreement no express provision to the contrary and therefore the rule in Regan applies that notice was deemed given when received by defendants. Defendants received notice after the June 20 deadline for plaintiff to have given written notice. In addition, the addendum was drafted by plaintiffs counsel and it is to be construed against the party who drafted it.
For all the above reasons we find there was no error and the appeal is dismissed.